UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
*Civil Division*

| | | |
|---|---|---|
| JOAN CLARK                          ) | | |
| 612 North Street Ext.               ) | | |
| Milford, DE 19963                   ) | | |
|                                     ) | | |
| v.                                  ) | CA No. | |
|                                     ) | | |
| ESTATE OF DAVID FLACH, SR.          ) | | |
| 9520 Bennett Street                 ) | | |
| Manassas, VA 20110                  ) | | |
|     Serve:                          ) | | |
|     Lawrence D. Hughes              ) | | |
|     9443 Flowerden Lane             ) | | |
|     Manassas, VA 20110              ) | | |
|                                     ) | | |
| and                                 ) | | |
|                                     ) | | |
| ANITA LACEY                         ) | | |
| aka ANITA LYNETTE VANDAMME          ) | | |
| aka DANELLA VANDAMME                ) | | |
| aka ANITA LYNETTE CONSIGLIA         ) | | |
| 9448 Scarlet Oak Drive              ) | | |
| Manassas, VA 20110                  ) | | |
|                                     ) | | |
| and                                 ) | | |
|                                     ) | | |
| GEICO                               ) | | |
| One Geico Blvd.                     ) | | |
| Fredericksburg, VA  22412           ) | | |
|     Serve:                          ) | | |
|     John Dahut, Esq.                ) | | |
|     962 Wayne Avenue, Ste. 200      ) | | |
|     Silver Spring, MD 20910         ) | | |
|                                     ) | | |
| and                                 ) | | |
|                                     ) | | |
| THE DISTRICT OF COLUMBIA,           ) | | |
| A Municipal Corporation             ) | | |
| 441 4th Street, N.W.                ) | | |
| Washington, DC 20001,               ) | | |
|     Serve:                          ) | | |
|     Mayor Adrian Fenty              ) | | |
|     1350 Pennsylvania Ave., NW      ) | | |

|  |  |
|---|---|
| Room 419 | ) |
| Washington, DC  20001 | ) |
|  | ) |
| and | ) |
|  | ) |
| **Attorney General Peter Nickles** | ) |
| **Office of Attorney General** | ) |
| **District of Columbia** | ) |
| **441 4th Street, N.W.** | ) |
| **Washington, DC  20001** | ) |
|  | ) |
| **Defendants.** | ) |

-----------------------------------------------

## COMPLAINT

COMES NOW the Plaintiff, Joan Clark, by and through her attorney, Ernest W. McIntosh, and respectfully represents as follows:

## PARTIES

1.    Plaintiff Joan Clark is a resident of the State of Delaware.

2.    Defendant David Flach, Sr. (deceased August 20, 2006) was at all times relevant to this action a resident of the Commonwealth of Virginia.  The Estate of David Flach, Sr. (opened in the Circuit Court of Prince William County, Court File No. W-12193, on September 8, 2006) is an estate in the Commonwealth of Virginia.  Lawrence D. Hughes was appointed and is serving as the executor of the Estate of David Flach, Sr.

3.    Upon information and belief, Defendant Anita Lacey, aka Anita Lynette Vandamme, aka Danella Vandamme aka Anita Lynette Consiglia, is a resident of the Commonwealth of Virginia.

4.    Defendant GEICO is a duly licensed corporation incorporated in the State of Maryland with its principle place of business in the Commonwealth of Virginia and is licensed to do business in the Commonwealth of Virginia.

5. Defendant D.C. is a governmental body located in the District of Columbia and organized pursuant to the laws of the United States.

## JURISDICTION AND VENUE

6. Jurisdiction of this court is invoked in accordance with 28 U.S.C.A. §1331(a)(1).

7. Venue is proper pursuant to 28 U.S.C.A. §1391(a)(2).

## FACTS COMMON TO ALL COUNTS

8. Plaintiff re-pleads and incorporates by reference herein each and every allegation set forth above and states as follows:

9. On May 13, 2005, Plaintiff Joan Clark was a passenger in a vehicle that was traveling westbound in the 800 block of Southern Avenue SE in the District of Columbia.

10. At all relevant times herein, the driver of the car in which Plaintiff was a passenger exercised due care and acted in a reasonable manner while operating her motor vehicle free of negligence or contributory negligence.

11. Two unknown individuals driving a stolen 2003 Jaguar drove their vehicle at a high rate of speed in an easterly direction on Southern Avenue SE in the District of Columbia in such a manner as to cause it to collide with the front of the vehicle in which Plaintiff was a passenger.

12. Upon information and belief, at the time of the collision, the 2003 Jaguar was being pursued by officers of the Metropolitan Department of the District of Columbia Police Department.

13. The impact of the collision caused both vehicles to spin out of control and come to a complete stop.

14. Both individuals in the 2003 Jaguar jumped out of the vehicle and fled into the wooded area in the 800 block of Southern Avenue SE in the District of Columbia. They were pursued by officers of the Metropolitan Police Department of the District of Columbia, but were not apprehended.

15. As a result of the collision, Plaintiff Joan Clark suffered severe and permanent injuries, including a severed aorta, fractures to her left elbow, right leg, left hip and left eye socket as a result of the collision. She has been unable to walk since the accident.

16. The 2003 Jaguar was owned by Defendant David Flach, Sr. He had loaned his car to Defendant Anita Lacey.

17. Defendant Anita Lacey had possession of Defendant David Flach, Sr.'s vehicle. She also stated she had fallen asleep at a party on and someone took the vehicle.

### COUNT I – NEGLIGENCY BY ESTATE OF DAVID FLACH, SR.

18. Plaintiff restates and re-alleges each and every allegation set forth above as if fully set forth herein.

19. At all times relevant herein, Defendant David Flach, Sr. owed a duty to the public to maintain control and security over his vehicle. Any driver of Mr. Flach's car is deemed to be his agent. ("Whenever any motor vehicle, after the passage of this chapter, shall be operated upon the public highways of the District of Columbia by any person other than the owner, with the consent of the owner, express or implied, the operator thereof shall in case of accident, be deemed to be the agent of the owner of such motor vehicle, and the proof of the ownership of said motor vehicle shall be prima facie evidence that such person operated said motor vehicle with the consent of the owner. DC ST § 50-1301.08) Defendant Anita Lacey was, therefore, an agent of Defendant David Flach, Sr.

20. The collision resulting in Plaintiff's severe and permanent injuries was the direct and proximate result of the negligence of Defendant David Flach, Sr. in consenting to lend his vehicle to Defendant Anita Lacey who, in turn, failed to maintain control and security of the vehicle, which crashed into the car in which Plaintiff was a passenger.

21. As a direct and proximate result of the negligence of Defendant David Flach, Sr., Plaintiff suffered severe and permanent personal injuries. She incurred medical expenses in the past and will incur significant medical expenses in the future. Plaintiff has suffered and will continue to suffer other damages, including but not limited to mental anguish, disfigurement, emotional and physical pain and suffering, a loss of income and a diminished opportunity to earn future income.

22. The collision and resulting damages suffered by Plaintiff were the direct and proximate result of the negligence of Defendant David Flach, Sr.

WHEREFORE, Plaintiff Joan Clark demands judgment against the Estate of David Flach, Sr., jointly and severally, in an amount of ten million dollars ($10,000,000), plus costs and interest, and such other and further relief as this Court deems just and proper.

## COUNT II – NEGLIGENCE BY ANITA LACEY

23. Plaintiff restates and re-alleges each and every allegation set forth above as if fully set forth herein.

24. At all times relevant herein, Defendant Anita Lacey owed a duty to the public to maintain control and security over David Flach Sr.'s vehicle.

25. Defendant Anita Lacey breached that duty when she failed to maintain control and security by allowing another driver to take the car.

26. The collision resulting in Plaintiff's severe and permanent injuries was the direct and proximate result of the negligence of Defendant Anita Lacey in failing to maintain control and security over the vehicle and allowing another driver to take the car who collided with the vehicle in which Plaintiff was a passenger.

27. As a direct and proximate result of the negligence of Defendant Anita Lacey, Plaintiff suffered severe and permanent personal injuries. She incurred medical expenses in the past and will incur significant medical expenses in the future. Plaintiff has suffered and will continue to suffer other damages, including but not limited to mental anguish, disfigurement, emotional and physical pain and suffering, a loss of income and a diminished opportunity to earn future income.

28. The collision and resulting damages suffered by Plaintiff were the direct and proximate result of the negligence of Defendant Anita Lacey.

WHEREFORE, Plaintiff Joan Clark demands judgment against Defendant Anita Lacey, jointly and severally, in an amount of ten million dollars ($10,000,000), plus costs and interest, and such other and further relief as this Court deems just and proper.

## COUNT III – BREACH OF CONTRACT BY DEFENDANT GEICO

29. Plaintiff restates and re-alleges each and every allegation set forth above as if fully set forth herein.

30. Defendant David Flach, Sr. was insured with the Defendant GEICO through a contract of automobile insurance (GEICO policy number 2300000169) which provided liability coverage for any claims that may have been brought against Mr. Flach, Sr. resulting from the use of his vehicle.

31.    Plaintiff Joan Clark was injured as a result of the use of Mr. Flach's vehicle. Defendant GEICO had a duty to defend and provide coverage for any claims Ms. Clark may make as a result of her injuries.

32.    Upon information and belief, Defendant GEICO has breached their duty by not providing coverage for Plaintiff Joan Clark's claims.

33.    As a direct and proximate result of Defendant GEICO's breach of the terms and conditions of the contract of insurance with Defendant David Flach, Sr., Plaintiff Joan Clark has not been compensated for her damages and injuries.

WHEREFORE, Plaintiff Joan Clark demands judgment against Defendant GEICO, jointly and severally, in an amount of ten million dollars ($10,000,000), plus costs and interest, and such other and further relief as this Court deems just and proper.

### COUNT IV – GROSS NEGLIGENCE BY DEFENDANT DISTRICT OF COLUMBIA

34.    Plaintiff restates and re-alleges each and every allegation set forth above as if fully set forth herein.

35.    Upon information and belief, the collision resulting in Plaintiff's severe and permanent injuries was the direct and proximate result of the gross negligence of police officers in engaging in a high-speed chase through a residential neighborhood with crowded streets in the District of Columbia. Defendant D.C.'s police officers, including the patrol officers, supervisors, shift commanders, and all others involved in the chain of command, acting within the course and scope of their employment as servants and/or employees of the District of Columbia, acted grossly negligent in (a) pursuing the 2003 Jaguar at extremely high speeds through crowded streets in the District of Columbia; (b) failing to discontinue or safely discontinue the high-speed chase when it became obvious

that this reckless pursuit was endangering the lives of innocent citizens of the District of Columbia; (c) and otherwise failing to follow safe and generally accepted police procedures and policies in attempting to apprehend a suspected criminal under these circumstances.

36.     As a direct and proximate result of the negligence of Defendant D.C., Plaintiff suffered severe and permanent personal injuries. She incurred medical expenses in the past and will incur significant medical expenses in the future. Plaintiff has suffered and will continue to suffer other damages, including but not limited to mental anguish, disfigurement, emotional and physical pain and suffering, a loss of income and a diminished opportunity to earn future income.

37.     The collision and resulting damages suffered by Plaintiff were the direct and proximate result of the gross negligence of Defendant D.C.

WHEREFORE, Plaintiff Joan Clark demands judgment against Defendant D.C., jointly and severally, in an amount of ten million dollars ($10,000,000), plus costs and interest, and such other and further relief as this Court deems just and proper.

### COUNT V – GROSS NEGLIGENCE IN HIRING, TRAINING AND SUPERVISION BY DEFENDANT DISTRICT OF COLUMBIA

38.     Plaintiff restates and re-alleges each and every allegation set forth above as if fully set forth herein.

39.     At all times relevant herein, the police officers, agents and servants of Defendant D.C. involved in the accident that is the subject of this Amended Complaint, were acting under the direction and control of, and pursuant to the rules, regulations, policies, and procedures of Defendant D.C..

40. Defendant D.C. was grossly negligent by failing to properly hire, train, supervise, control, direct, and monitor its police officers in their duties and responsibilities. Defendant D.C. knew, or in the exercise of reasonable care should have known, of the acts of gross negligence of its officers under their employ, and had the power, authority, and responsibility to prevent such acts and/or to discontinue such acts by the exercise of reasonable care, but neglected and/or refused to do so.

41. The collision and resulting severe injuries to Plaintiff were the direct and proximate result of the gross negligence of police officers in engaging in a high-speed chase through a residential neighborhood with crowded streets in the District of Columbia. Defendant D.C.'s police officers, including the patrol officers, supervisors, shift commanders, and all others involved in the chain of command, acting within the course and scope of their employment as servants and/or employees of the District of Columbia, acted grossly negligent in (a) pursuing the 2003 Jaguar at extremely high speeds through crowded streets in the District of Columbia; (b) failing to discontinue or safely discontinue the high-speed chase when it became obvious that this reckless pursuit was endangering the lives of innocent citizens of the District of Columbia; (c) and otherwise failing to follow safe and generally accepted police procedures and policies in attempting to apprehend a suspected criminal under these circumstances.

42. As a direct and proximate result of the negligence of Defendant D.C., Plaintiff suffered severe and permanent personal injuries. She incurred medical expenses in the past and will incur significant medical expenses in the future. Plaintiff has suffered and will continue to suffer other damages, including but not limited to mental anguish,

disfigurement, emotional and physical pain and suffering, a loss of income and a diminished opportunity to earn future income.

43. The collision and resulting damages suffered by Plaintiff were the direct and proximate result of the gross negligence of Defendant D.C.

WHEREFORE, Plaintiff Joan Clark demands judgment against Defendant D.C., jointly and severally, in an amount of ten million dollars ($10,000,000), plus costs and interest, and such other and further relief as this Court deems just and proper.

### COUNT VI – RESPONDEAT SUPERIOR – D.C. GOVERNMENT

44. Plaintiff restates and re-alleges each and every allegation set forth above as if fully set forth herein.

45. The collision and Plaintiff's severe and permanent injuries were the direct and proximate result of the gross negligence of police officers in engaging in a high-speed chase through a residential neighborhood with crowded streets in the District of Columbia. Defendant D.C.'s police officers, including the patrol officers, supervisors, shift commanders, and all others involved in the chain of command, acting within the course and scope of their employment as servants and/or employees of the District of Columbia, acted grossly negligent in (a) pursuing the 2003 Jaguar at extremely high speeds through crowded streets in the District of Columbia; (b) failing to discontinue or safely discontinue the high-speed chase when it became obvious that this reckless pursuit was endangering the lives of innocent citizens of the District of Columbia; (c) and otherwise failing to follow safe and generally accepted police procedures and policies in attempting to apprehend a suspected criminal under these circumstances.

46.    As a direct and proximate result of the negligence of Defendant D.C., Plaintiff suffered severe and permanent personal injuries. She incurred medical expenses in the past and will incur significant medical expenses in the future. Plaintiff has suffered and will continue to suffer other damages, including but not limited to mental anguish, disfigurement, emotional and physical pain and suffering, a loss of income and a diminished opportunity to earn future income.

47.    The collision and resulting damages suffered by Plaintiff were the direct and proximate result of the gross negligence of Defendant D.C.

WHEREFORE, Plaintiff Joan Clark demands judgment against Defendant D.C., jointly and severally, in an amount of ten million dollars ($10,000,000), plus costs and interest, and such other and further relief as this Court deems just and proper.

Respectfully Submitted,

By:  /s/ Ernest W. McIntosh
Ernest W. McIntosh, DC Bar No. 315309
NEWMAN, MCINTOSH & HENNESSEY, LLP
7315 Wisconsin Ave., Suite 700E
Bethesda, MD 20814
(301) 654-3400
*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury as to all counts.

  /s/ Ernest W. McIntosh
Ernest W. McIntosh
*Counsel for Plaintiff*

# CIVIL COVER SHEET

Case 1:08-cv-00779-RJL    Document 1-2    Filed 05/06/2008    Page 1 of 2

JS-44
(Rev.1/05 DC)

## I. (a) PLAINTIFFS
Joan Clark

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
Estate of David Flach, Sr. et al

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** 88888
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Ernest W. McIntosh
Newman, McIntosh & Hennessey, LLP
7315 Wisconsin Avenue, Ste. 700E
Bethesda, MD 20814

Case: 1:08-cv-00779
Assigned To: Leon, Richard J.
Assign. Date: 5/6/2008
Description: PI/Malpractice

**JURY ACTION**

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ◉ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ◉ 2 | ◉ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust
- [ ] 410 Antitrust

### ◉ B. Personal Injury/Malpractice
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [x] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Medical Malpractice
- [ ] 365 Product Liability
- [ ] 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
- [ ] 151 Medicare Act

**Social Security:**
- [ ] 861 HIA ((1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g)
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g)

**Other Statutes**
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil

**Real Property**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent, Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**Personal Property**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**Bankruptcy**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**Property Rights**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**Federal Tax Suits**
- [ ] 870 Taxes (US plaintiff or defendant
- [ ] 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 RR & Truck
- [ ] 650 Airline Regs
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**Other Statutes**
- [ ] 400 State Reapportionment
- [ ] 430 Banks & Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation

- [ ] 470 Racketeer Influenced & Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Satellite TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 900 Appeal of fee determination under equal access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ○ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br>*(If pro se, select this deck)* | ○ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ○ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ○ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ○ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ○ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ○ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

V. ORIGIN
(●) 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 U.S.C.A. s.1331(a)(1) and 28 U.S.C.A. s.1391(a)(2); This case is based on diversity of citizenship brought where a substantial part of the events occur

| VII. REQUESTED IN COMPLAINT | CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐ | DEMAND $ 10,000,000.00   Check YES only if demanded in complaint<br>JURY DEMAND:    YES [X]   NO ☐ |
|---|---|---|

VIII. RELATED CASE(S) IF ANY   (See instruction)   YES [X]   NO ☐   If yes, please complete related case form.

DATE 5/5/2008   SIGNATURE OF ATTORNEY OF RECORD _(signature)_

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.