UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOAN CLARK<br><br>v.<br><br>ESTATE OF DAVID FLACH, SR., et al. | Case:  1:08-cv-00779<br><br>Judge Richard J. Leon |

**DEFENDANT ESTATE OF DAVID FLACH, SR.'S
MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

    Defendant Estate of David Flach, Sr., by undersigned counsel, hereby moves to dismiss the above-captioned matter pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

    The grounds for this Motion are set forth in the accompanying Defendant Estate of David Flach, Sr.'s Memorandum of Law in Support of Its Motion to Dismiss Pursuant to Rule 12(b)(6).

    A proposed order is attached.

Dated:  June 30, 2008

Respectfully submitted,

/s/ John E. Clabby
Dane H. Butswinkas (D.C. Bar No. 425056)
John E. Clabby (D.C. Bar No. 503059)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC  20005
(202) 434-5000 (telephone)
(202) 434-5029 (facsimile)
*Counsel for Defendant Estate of David Flach, Sr.*

2

**CERTIFICATE OF SERVICE**

    I certify that on June 30, 2008, I electronically filed the foregoing Defendant Estate of David Flach, Sr.'s Motion to Dismiss Pursuant to Rule 12(b)(6) with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the counsel of record in this matter who are registered on the CM/ECF system.

                                                   /s/ John E. Clabby  
                                                   John E. Clabby

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOAN CLARK**<br><br>v.<br><br>**ESTATE OF DAVID FLACH, SR., et al.** | Case: 1:08-cv-00779<br><br>Judge Richard J. Leon |

**DEFENDANT ESTATE OF DAVID FLACH, SR.'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

The Estate of David Flach, Sr. ("Estate"), through counsel, respectfully submits this Memorandum of Law in support of its Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**BACKGROUND**

Joan Clark alleges she was injured when "a stolen 2003 Jaguar" struck the car in which she was a passenger on May 13, 2005. Compl. ¶¶ 9, 11. Neither David Flach, Sr. (the Jaguar's alleged owner) nor Anita Lacey (to whom he allegedly loaned the car) were driving. ¶ 16. Instead, "[t]wo unknown individuals," ¶ 11, were driving in a "high-speed chase" with police "through a residential neighborhood with crowded streets in the District of Columbia." ¶ 35. According to Clark, at some point earlier Lacey "had fallen asleep at a party on [*sic*] and someone took the vehicle." ¶ 17. The unknown individuals were not caught. ¶ 14.

Count I of the Complaint alleges negligence against the Estate. In other counts, Clark alleges negligence by Lacey, breach of contract by GEICO (the alleged insurer), gross negligence and gross negligence in hiring, training, and supervision by the District of Columbia, and respondeat superior against the D.C. Government. Because Flach died before the filing of this action, Clark has sued Flach's estate.

# ARGUMENT

## I. STANDARD OF REVIEW

In ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court "must construe the complaint in the light most favorable to plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations." *In re United Mine Workers of Am. Employee Benefit Plans Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994). But a court "need not accept inferences drawn by plaintiff[ ] if such inferences are unsupported by the facts set out in the complaint," *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994), and the Court is not bound to accept the legal conclusions of the non-moving party, *see Taylor v. FDIC*, 132 F.3d 753, 762 (D.C. Cir. 1997).

## II. CLARK HAS FAILED TO PLEAD FACTS SUFFICIENT TO RECOVER FOR NEGLIGENCE AGAINST THE ESTATE.

### A. The District of Columbia's Vicarious Liability Statute Does Not Allow Recovery from the Estate.

Clark has premised recovery against the Estate on the District of Columbia's vicarious liability statute for car owners. ¶ 19.[1] But the District does not allow suits against a car owner for all accidents whenever his car is driven by another. The statute only provides vicarious

---

[1] For the purpose of this Motion to Dismiss, the Estate assumes the application of District of Columbia rules of decision as to liability because the District has a significant governmental interest in enforcing its liability rules when it was the site both of the accident and of Clark's only involvement in the case. But that this accident occurred in the District was perhaps "wholly fortuitous," because Flach's and Lacey's conduct, and the car's taking, occurred in Virginia. *Williams v. Rawlings Truck Line, Inc.*, 357 F.2d 581, 585 (D.C. Cir. 1965) (finding that the fact that an automobile accident took place in the District was an insufficient contact with the District to warrant the application of D.C. law to a subsequent negligence action, where other contacts between the parties and the action were within the State of New York, and New York had a substantial interest in the application of its rules), *explained in Kaiser-Georgetown Cmty. Health Plan, Inc. v. Stutsman*, 491 A.2d 502, 508 (D.C. 1985). Because Virginia does not have a vicarious liability statute for car owners and operators nor a similar common-law doctrine, *see Dreher v. Budget Rent-A-Car Sys., Inc.*, 634 S.E.2d 324 (Va. 2006), if Virginia law applied, Clark would be unable to recover from the Estate as a matter of law.

2

liability for accidents occurring, inter alia, (1) if the person operating the vehicle had the consent of the owner, express or implied, and (2) if that authorized person was in fact operating the car upon the public highways at the time of the accident:

> Whenever any motor vehicle, after the passage of this chapter, ***shall be operated upon the public highways*** of the District of Columbia by any person other than the owner, ***with the consent of the owner, express or implied****,* the operator thereof shall in case of accident, be deemed to be the agent of the owner of such motor vehicle, and the proof of the ownership of said motor vehicle shall be prima facie evidence that such person operated said motor vehicle with the consent of the owner.

D.C. Code § 50-1301.08 (West 2001) (emphases added) (Operator deemed to be agent of owner.), *repealed in part by* 49 U.S.C. § 30106, *as recognized in Johnson v. Agnant*, 480 F. Supp. 2d 1 (D.D.C. Apr. 25, 2006). Under the statute, "proof of ownership of a car is prima facie evidence that the driver operated the car with the owner's permission." *Athridge v. Rivas*, 312 F.3d 474, 477 (D.C. Cir. 2002). But "an automobile owner is entitled to judgment as a matter of law if he or she asserts *without contradiction* that the vehicle was taken and used without consent." *Id.* It is therefore incorrect that "[a]ny driver of Mr. Flach's car is deemed to be his agent," Compl. ¶ 19.

Clark fails to state a claim for negligence through the vicarious liability statute for three independent reasons: (1) it is undisputed that the "unknown" person operating the stolen Jaguar at the time of the accident did not have Flach's implied or express consent to operate the car; (2) Lacey did not have Flach's implied or express consent after April 27, 2005, to operate the vehicle; and (3) Lacey was not, at the time of her alleged negligence or of the accident on May 13, in fact operating Flach's vehicle upon the public highways.

3

### 1. The Unidentified Driver of the Stolen Car Did Not Have Flach's Consent to Operate His Vehicle.

D.C. Code section 50-1301.08 allows recovery from the owner only if the operator at the time of the accident had the owner's permission to drive the vehicle. Because the Complaint admits that Flach's car was "stolen" at the time of the accident, the "unknown" driver did not have Flach's consent and the Estate is not liable for the accident as a matter of law.

The statute creates a rebuttable presumption of an agency relationship between the "operator" of the vehicle and its "owner," and when the owner presents uncontradicted proof that the operator used the vehicle without the owner's consent, D.C. courts will enter judgment as a matter of law for the owner. *See, e.g.*, *Curtis v. Cuff*, 537 A.2d 1072, 1073 (D.C. 1987) ("Because appellant offered uncontested evidence to rebut the statutory presumption of consent, she was entitled to judgment as a matter of law."); *Miller v. United States*, 67 F.R.D. 486, 488–89 (D.D.C. 1975) (granting summary judgment for defendant based on undisputed affidavits that car owner never gave consent).

A stolen car, by definition, is driven without its owner's consent, express or implied, and Clark in the Complaint admits that the vehicle at the time of the accident was "a stolen 2003 Jaguar," ¶ 11. Because the stolen Jaguar's driver was not operating the vehicle with Flach's consent, express or implied, at the time of the accident, the Estate is not vicariously liable for the accident. *See Lancaster v. Canuel*, 193 A.2d 555, 558 (D.C. 1963) ("Appellants having produced no proof showing either express or implied consent by Canuel for the use of his motor vehicle by Cooke at the time and place of the accident, the judgment *n.o.v.* for Canuel was properly granted."); *Simon v. Dew*, 91 A.2d 214, 216 (D.C. 1952) (affirming judgment for

4

defendant owner when "[t]he entire chain of testimony, plus the manner by which possession of the cab was obtained, tended to show not consent but unauthorized use").[2]

### 2. Lacey Lacked Consent After April 27, 2005, When Flach Reported Her Unauthorized Use to the Police.

On April 27, 2005, more than two weeks before the accident, Flach reported Lacey to the Manassas, Virginia police for unauthorized use of his vehicle. *See* Manassas (VA) Police Dep't Report (May 22, 2008) (attached as Ex. A) (redacted to remove social security numbers).[3] Accordingly, Lacey lacked Flach's consent to operate the Jaguar after April 27.

Under D.C. law, the filing of a criminal complaint for unauthorized use against the car's operator is conclusive proof consent has been withdrawn:

> Viewed in the light of standard police practice, the filing of the criminal complaint (Rental Car Violation) on September 20, 1968, was, in our opinion, sufficient to rebut any presumption of consent which existed by reason of the car rental agreement. The conclusion is therefore compelled that, absent some showing that the complaint was withdrawn, there was no consent—express or implied—to Richardson's operation of the automobile on October 27, 1968.

*Amicar Rentals, Inc. v. Moore*, 294 A.2d 361, 362 (D.C. 1972)  The court in *Amicar* reversed a bench trial's judgment for plaintiff, and held that the defendant rental car company's filing of a

---

[2] Consent is specific to the person to whom it is granted, and Flach's consent to Lacey to borrow the car cannot be transferred from Lacey to the "unknown" thief driving at the time of the accident. *See, e.g.*, *Jones v. Halun*, 296 F.2d 597, 598–99 (D.C. Cir. 1961) (reversing and directing verdict for defendant father, when father loaned car to son, who in turn loaned car to his friend who got into an accident).

[3] The Court may examine police reports on Rule 12(b)(6) review. *See Plater v. D.C. Dep't of Transp.*, 530 F. Supp. 2d 101, 103 (D.D.C. 2008) (examining police report not referenced in complaint but attached as exhibit to defendant's motion to dismiss). The Court may consider facts alleged in the Complaint, matters of which the court may take judicial notice, and matters of public record. *See EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997); *Marshall County Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 n.6 (D.C. Cir. 1993).

"Rental Car Violation (Fail to return)" with the Montgomery County, Maryland police, before the date of the accident, withdrew any implied consent to operate the vehicle:

> It is a first principle that liability for negligence is predicated upon the breach of some legal duty and, as we pointed out above, appellant discharged its duty when, [o]n September 20, 1968, it made a criminal complaint against Richardson for a "Rental Car Violation" and thereby withdrew any implied consent to the operation of the automobile which may have then existed.

*Id.* at 363.

In this case, Flach withdrew whatever consent Lacey had to operate his vehicle, when, on April 27, 2008, he reported to the police that Lacey had not returned the car, which the police noted as "unauthorized use of vehicle." Report 1, 2. Unauthorized use of a vehicle is a crime in Virginia, and lack of the owner's consent to the vehicle's use is an element of that crime:

> Any person who shall take, drive or use any . . . vehicle . . . not his own, **without the consent of the owner** thereof and in the absence of the owner, and with intent temporarily to deprive the owner thereof of his possession thereof, without intent to steal the same, shall be guilty of a Class 6 felony . . . .

Va. Code Ann. § 18.2-102 (West 2008) (emphasis added). Accordingly, on April 27 Flach withdrew as a matter of law any express or implied consent to Lacey's operation of his car. *See Curtis*, 537 A.2d at 1076 ("[E]xpressly withdrawing consent effectively rebuts the presumption . . . ." (citing *Neary v. Hertz Corp.*, 231 F. Supp. 480, 482 (D.D.C. 1964))).

Because the police report shows conclusively that Flach withdrew his consent on April 27, and because Flach is not liable for any accidents after the effective withdrawal, the Court should dismiss the Complaint, as against the Estate, for failure to state a claim.

6

### 3. Lacey Was Not Operating the Car at the Time of Her Alleged Negligence or at the Time of the Accident.

Even if Lacey had Flach's consent through May 13, she was not operating the vehicle on the public highways at the time of her alleged negligence or the accident, and therefore Lacey's conduct does not trigger the Estate's vicarious liability under D.C. Code section 50-1301.08.

Clark alleges that Lacey was negligent in failing to maintain control and security of the vehicle, and that the Estate's liability is derivative of this negligence. ¶¶ 19–20. But the statute premises vicarious liability on the person with consent to operate the car ("the operator") in fact driving the car at the time of the accident. *See* D.C. Code § 50-1301.02(2) (defining "'[d]river' or 'operator'" as "every person who drives or is in actual physical control of a motor vehicle upon a public highway"). Clark faults Lacey for her conduct in falling asleep at a party, not for her conduct on the road driving the vehicle. Therefore, even if Lacey were negligent, Clark could not recover against the Estate because Lacey was neither operating the vehicle at the time of her allegedly negligent act nor at the time of the accident.

### CONCLUSION

For the foregoing reasons, the Estate respectfully requests that the Court dismiss the Complaint with prejudice, as to the Estate, pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

Dated:  June 30, 2008                             Respectfully submitted,

/s/ John E. Clabby
Dane H. Butswinkas (D.C. Bar No. 425056)
John E. Clabby (D.C. Bar No. 503059)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC  20005
(202) 434-5000 (telephone)
(202) 434-5029 (facsimile)
*Counsel for Defendant Estate of David Flach, Sr.*

7

**CERTIFICATE OF SERVICE**

I certify that on June 30, 2008, I electronically filed the foregoing Defendant Estate of David Flach, Sr.'s Memorandum of Law in Support of Its Motion to Dismiss Pursuant to Rule 12(b)(6) with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the counsel of record in this matter who are registered on the CM/ECF system.

/s/ John E. Clabby
John E. Clabby

# EXHIBIT A

```
Call Number: 051170019        Call Type.: 039 UNAUTHORIZED USE              Police
Entry Day/Tm:  4/27/05  4:48:01         039 UNAUTHORIZED USE                Police

CmnN: DAVID FLACH RESIDENCE           Agency.........: 001 Manassas
Location...:  9250      BENNETT                        DR     Apt:
City......: MANASSAS           Block#:   9200    Loc ID:    Mapr: 103
Intersectn.: GRANT

Caller Name: Last:FLACH              First:DAVID            Mid:M See Caller: Y
  Address...:  9250      BENNETT                        ST    Apt:
  City/State: MANASSAS           VA Phone#: 703-369-6679         Source:

Call Taker.:       1782 KERHART         ROBIN              COMM3
Dispatcher.:       1782 KERHART         ROBIN              COMM3
```

N A R R A T I V E

```
    caller let his friend from work, anita borrow the veh          4:48:45
    yesterday to be back by last evening around 1700 hrs,          4:49:40
    veh is still not back at the home                              4:49:40

    189 advised that the 10-17 does not wish to pros               5:41:09
    suspect is lacy,anita dob/19661122, soc#                       6:01:26
```

V E H I C L E   I N F O

```
Vehicle Type:
  License# DMFSR1         Year: 03   Make: JAGUAR      Model: 4D
    State: VA             VIN  :                       Color: SIL/
```

```
*NONE               Unit Status History Information

  4/27/05  4:49:55  18 Route Call Time       RT     |


189                 Unit Status History Information

  4/27/05  4:53:26   4 Dispatched             D        1785 BRAZIER,DAN
  4/27/05  4:53:26  11 ASSIGNED AS PRIMARY    P
  4/27/05  4:53:28  32 Enroute To Scene       ER
  4/27/05  4:53:56   9 Started Self-Initiat   SC
  4/27/05  4:56:22  10 Ended Self-Initiated   EC
  4/27/05  5:02:23   6 At Scene               AT
  4/27/05  5:41:24  20 Available              AV
```

D I S P O S I T I O N S

```
1  039  ASSIGNMENT COMPLETE              Case#  1 - 00-000000 Unit: 189
```

**REDACTED**

```
Date:   5/22/08                MANASSAS POLICE DEPARTMENT                      Page:        2
Time:  10:46:04                                                                Program: CMS301L
------------------------------------------------------------------------------------------------

                                                              1-05-002006   (Continued)
Case Number     . : 1-05-002006            Dept Unit     . . : Patrol
Investigator  . :                          U/D Long Fld 1 :
U/D Long Fld 2  :                          U/D Long Fld 3 :
Supervisor    . . : NEUMANN, TIMOTHY       Assignment Date: 4/28/05
Addtl Officer   :                          Addtl Officer    :
Addtl Officer   :                          Notify Investig:
Dept Priority   :                          Inv Priority . :

******************** O F F E N S E       R E P O R T  #   1 *******************
Case Number     . : 1-05-002006            State Class   . : All Other Offenses
Attmpt/Committ  : COMMITTED
Statute/Ordin   : UNAUTHORIZED USE OF VEHICLE
Computer Theft  : Not Applicable           Location Type   : Residence/Home
How/Where Entry : Entry Unknown - Exit Unknown
Premises Enter  : 0                        Forced Entry . : No
Weapon Type   . : None                     Attack Reason   : None (no bias)
Crim Activity   :                          State Dispo  . :
UCR Disposition : Warrants Pending/Obtained
Dispo Date   . . : 4/28/05                 Exception Clear : Not Applicable
Arrest Case No. :                          People Arrested : 0
Domestic Viol.  :                          Homicide/Asslt? :
Solvability?  . :                          Federal Class   :
Statute Desc  . : 18.2-102

********* O F F E N S E    P R I M A R Y   R E L A T I O N S H I P S ***********
Offense #:     001  All Other Offenses / / UNAUTHORIZED USE OF VEHICLE
Vehicle #.:    001    / VICTIMS VEHICLE
    Name #...:    001    (SUSP) LACY, ANITA
    Name #...:    001    (VICT) FLACH, DAVID M.

************* N A M E    P R I M A R Y   R E L A T I O N S H I P S *************

Name #...:   001    (VICT) FLACH, DAVID M.
    Name #...:   001    (SUSP) LACY, ANITA / Acquaintance

********* V E H I C L E      I N F O R M A T I O N    #   1 *******************
Case number   . : 1-05-002006              Category    . . . : VICTIMS VEHICLE
Year  . . . . . : 2003                     Make  . . . . . . : JAGUAR
Model Name  . . :                          Style . . . . . . : 4-Door
VIN . . . . . . : SAJDA24C73KLF54576       License #  . . . : DFSR1    VA
Vehicle type  . : Automobiles              State Veh Type  : Auto
Color - Top   . : SILVER                   Color - Bottom  : BLUE
Damaged   . . . : None                     Disposition  . : UNKNOWN
Stolen Value  . : 40,000                   Keys in car   . : Unknown
Vehicle locked  : Unknown
Street number   :
Recovered by  . : OFC TL PETTY             Date recovered : 5/13/05 19:15
Recovery value  : 20,000                   Recovery code  :
Owner notified  :
Street number   : 800 SOURTHERN AV
City  . . . . . : WASHINGTON               State  . . . . : DC

********* P E R S O N     R E P O R T I N G     I N F O - # 1 *********
```

```
Date:  5/22/08                  MANASSAS POLICE DEPARTMENT                    Page:       3
Time: 10:46:04                                                                Program: CMS301L
--------------------------------------------------------------------------------------------

                                                           1-05-002006  (Continued)
Case Number    . : 1-05-002006            Last Name    . . : 158/ALFONSO,
Street Number  :
City . . . . . :
Home Phone No. :                          Business Phone :
Birth Date . . : 0/00/0000  0             Race . . . . . :
Sex  . . . . . :                          Ethnic Origin  :
Hair Color . . :                          Hair Length  . :
Hair Style . . :                          Eye Color  . . :
Glasses  . . . :                          Complexion . . :
Facial Hair  . :                          Teeth  . . . . :
Build  . . . . :                          Speech . . . . :
Citizenship  . :                          Weapon Held  . :
Hand Use . . . :                          Caution  . . . :
Residency Type :                          Residency Sts  :
Religion . . . :                          Marital Status :
Status . . . . :                          Grade  . . . . :
NCIC Number  . :                          NCIC Entry Date: 0/00/00
NCIC Cancel Dt : 0/00/00                  FBI Number . . :
State Number . :                          ID Number  . . :
Photo Number . :                          Arrest Case No.:
Hat  . . . . . :                          Coat . . . . . :
Shirt  . . . . :                          Pants  . . . . :
Shoes  . . . . :                          Alt Address? . :
Body Marks?  . :

************** S U S P E C T / A R R E S T E E   I N F O R M A T I O N - # 1 **
Case Number    . : 1-05-002006            Prompt valid in: LACY, ANITA
Street Number  : 9448 SCARLET OAK DR
City . . . . . : MANASSAS, VA 20110
Home Phone No. :                          Business Phone :
Other Phone Nbr:                          Birth Date . . : 11/22/1966  38
Maximum Age  . : 38                       Social Security:
Oper Lic No. . :                          Race . . . . . : White
Sex  . . . . . : Female                   Ethnic Origin  : Hispanic
Minimum Height : 503                      Minimum Weight : 134
Occupation . . :                          Aliases? . . . :
Hair Color . . : Red/Auburn               Hair Length  . : Unknown
Hair Style . . : Unknown                  Eye Color  . . : Blue
Glasses  . . . : No                       Complexion . . : Light
Facial Hair  . : Unknown                  Teeth  . . . . : Unknown
Build  . . . . : Medium                   Speech . . . . : Unknown
Weapon Held  . : None                     Hand Use . . . : Unknown
Caution  . . . : Unknown                  Status . . . . : Suspect
NCIC Number  . : W427480655               State Number . : 201332223
Arrest Case No.: 1-05-002006              Alt Address? . :
Body Marks?  . :

************** V I C T I M   I N F O R M A T I O N  - # 1 *******************
Case Number    . : 1-05-002006            Prompt valid in: FLACH, DAVID MURRAY
Social Security: 0                        Birth Date . . : 9/04/1933  71
Street Number  : 9250 BENNETT ST
City . . . . . : MANASSAS, VA 20110
```

**REDACTED**

```
Date:  5/22/08              MANASSAS POLICE DEPARTMENT              Page:        4
Time: 10:46:04                                                      Program: CMS301L
------------------------------------------------------------------------------------
                                                        1-05-002006  (Continued)
Occupation . . :                        Home Phone No. : 703/369-6679
Business Phone :                        Race . . . . . : White
Sex  . . . . . : Male                   Ethnic Origin  : Non-Hispanic
Victim Type  . : Individual             Residency Type : Resident
Residency Sts  : Resident               File Charges . : Yes
Can Identify . : Yes                    Victim Sobriety: UNKNOWN
Injury Type 1  : None                   Injury Type 2  :
Med Treatment  : Not Provided           Hospital ID  . :
Hand Use . . . : Unknown                Caution  . . . : Unknown
Weapon Held  . : None                   Marital Status : Unknown
Phys Last Name :                        Phys First Name:
Alt Address? . :                        Body Marks?  . :
```

*************************** N A R R A T I V E   # 2 ***************************
SUPP DET VAN NOPPEN #65

    I spoke to Anita Lynette Lacy, 11-22-66,                  , on 5-13-05 at
    the Garfield substation of Prince William County Police.  She waived
    her Miranda Warnings and spoke to me at 1400.  She stated that she had
    the victim's vehicle and went to a party at Colonial Village (possibly
    9709 Clark Pl #202) on 4-28-05.  At the party were her friends, Rebi
    (B/F, 22YOA, heavy set-this may be Shereve Buchanan, 5-28-82,
                    , can be found through her grandmother who lives at 9315
    Taney Rd),Rebi's boyfriend Tim (B/M, dreadlocks, missing front tooth,
    lives in DC), Mike, Trini, and Kelly Talley(stays in various apartment
    at Colonial Village and is known by the management).  She stated that
    she fell asleep and that someone took her vehicle.  She thinks it was
    Tim.  A slightly different version was given to Det Guyton.  As I was
    speaking to her, the vehicle was recovered in DC.  There was an
    accident and a bailout of two black males that were not apprehended.
    They appeared to be in their teens according to Det Rachlin 240
    447-3534 who was handling the case.

*************************** N A R R A T I V E   # 3 ***************************
ORIGINAL OFFICER

    On April 27, 2005 at 1800 hours I responded to 9250 Bennett Drive in
    reference to an Unauthorized Use.

    I met with the victim and he advised that on April 26, 2005, sometime
    between 1500-1600 hours, the offender an acquaintance asked to borrow
    the victim's vehicle for "half an hour" so she could move some of her
    belonging from residence on Scarlet Oak Dr to her new, unknown
    residence in Colonial Village. The victim agreed. The offender than
    called the victim sometime during the evening, the victim was not sure
    when, to apologize that she had not returned the vehicle. She stated
    that she drove her sister's child to the hospital and was on her way
    to return the vehicle, that it would be "15 minutes".

    As of 1850 hours on April 27, 2005 the vehicle was not returned to
    him.

**REDACTED**

```
                                                    1-05-002006  (Continued)
```
Warrants were obtained. The offender and the vehicle were entered into NCIC/VCIN by EOC #75.

*************************** N A R R A T I V E   # 4 ***************************
SUPP DET VAN NOPPEN #65

On 5-19-05 at 1430 I went to Scottie's storage lot and processed the victim's vehicle. The vehicle was bearing a DC temporary tag of Z15927 that belonged to a '85 Cadillac. I located a CD case in the trunk and a bottle of Curve cologne in the vehicle that I processed for latents and put them into property. I also located an advertisement card for a DJ party at Byrne Manor at 1501 Southern Ave in Oxen Hill, Maryland which was held 5-14-05.

*************************** N A R R A T I V E   # 5 ***************************
SUPP OFC PETTY

05/21/05

On May 13, 2005 I responded to Headquarters for a recovered stolen auto.

A 2003 Jaguar with Virginia registration "DFSR" was located on May 13 at 1915 hours. The vehicle was involved in an accident in Washington, DC and is not drivable. The vehicle was recovered at 800 Southern Ave, SE by Officer K. Rachlin. The vehicle was transported to Hams Towing located at 1909 14th Street SE (202-678-0199).

The owner, David Flach, notified dispatch that his vehicle was located. The vehicle was removed by unit #84. The vehicle's tag were not recovered nor removed from NCIC/VCIN.

*************************** N A R R A T I V E   # 6 ***************************
SUPP ECS HANBACK

8/24/07

While doing VCIN validations for this report please note the following:

On 8-22-07 I had left a message at the number listed for the victim Mr. Flach, reference VCIN validations for the entry we have for his license plate. Upon returning to work this date I had received a voicemail from Debbie Kessner (571-218-2323). Ms. Kessner advised that she was the executor of Mr. Flach s estate. Ms. Kessner advised that Mr. Flach had passed away last August, and that she was handling all the matters for the estate. I explained to Ms. Kessner that the license plate listed showed an expiration of 2006, but I informed her entry will remain in the system a year after the expiration. During our conversation Ms. Kessner advised that she has the house on the market and would like to have everything taken care of by the time the

```
Date:  5/22/08                MANASSAS POLICE DEPARTMENT              Page:        6
Time: 10:46:04                                                        Program: CMS301L
------------------------------------------------------------------------------------
                                                         1-05-002006  (Continued)
house is sold. I advised Ms. Kessner that the entry could be removed
at her discretion if she wished since she was the executor of the
estate and she stated that she would like it removed, so all matters
would be taken care of.

Therefore based on the above, the entry was cancelled this date by
this writer.

LIC/DFSR1 LIS/VA


* * * * * * * * * * * * * * * END OF REPORT * * * * * * * * * * * * * * * * *
```

```
Date:  5/22/08                 MANASSAS POLICE DEPARTMENT              Page:            1
Time: 10:46:04                                                         Program:  CMS301L
------------------------------------------------------------------------------------------
Case Number    . : 1-05-002006      ISD Control #   :
Occur From Date: 4/26/05 16:00      Occur To Date   : 4/26/05 17:00
Report Date    . : 4/27/05 18:01    Case Status    . : Warrant Obtained
Case Status Dt : 4/28/05            Day Of Week    . : Tuesday
Dept Class . . . : ALL OTHERS OFFENSES  Alcohol Related: Not Applicable
Drug Related?  : Not Applicable
Common Name    . : DAVID FLACH RESIDENCE, 9250 BENNETT ST
City . . . . . : MANASSAS,
Map Reference  : 103                Location Type   : Residence/Home
Beat Assignment: HAYDON Beat 33     District . . . : E1-Evening Shift
Report Officer : ALFONSO, ELIA
Supervisory Emp: MISCHOU, MICHAEL    4/28/05
Entry Employee : WASHINGTON, CHERYL  5/19/05
Offenses?  . . :                    Property?   . . . :
Names? . . . . :                    Vehicles?   . . . :
Narrative? . . :                    Relationships? :
Case Management:                    Related Cases? :
Addtnl Times?  :                    Payments?   . . . :
Interfaces?  . . :


******************* A D D I T I O N A L    T I M E S *********************
Case Number    . : 1-05-002006      Date Dispatched: 4/27/05 18:01
Date Responded : 0/00/00            Date Arrived  . : 4/27/05 18:01
Date Cleared . : 4/27/05 18:55

************ C A S E    M A N A G E M E N T    I N F O R M A T I O N *************
Case Number    . : 1-05-002006      Common Name    . :
Location . . . :                    Occur Date/Time:
Rpt Date/Off . :                    Dept Class . . . : ALL OTHERS OFFENSES
Case Status    . : Warrant Obtained Case Status Dt : 4/28/05
Forwarded To . : Patrol             Investigator . :
Actions? . . . :                    Ticklers?   . . . :

                        ***ACTION HISTORY***
Case Number    . : 1-05-002006      Action  . . . . : Assigned Patrol
Description  . :                    Desc - cont. . :
Dept Unit    . . : Patrol           Officer   . . . : ALFONSO, ELIA
Update Tickler?:                    Action Date  . : 4/28/05
Entered Date . : 5/19/05 8:41

                        ***TICKLER HISTORY***
Case Number    . : 1-05-002006      Dept Unit    . . : E1
Reason . . . . : SUPPLEMENTAL FOLLOWUP DUE
Due Date . . . : 5/26/05            Completion Date: 0/00/00
Officer    . . : ALFONSO, ELIA      Notify Officer?:
Case Number    . : 1-05-002006      Dept Unit    . . : E1
Reason . . . . : SUPPLEMENTAL FOLLOWUP DUE
Due Date . . . : 5/11/05            Completion Date: 0/00/00
Officer    . . : ALFONSO, ELIA      Notify Officer?:
Case Number    . : 1-05-002006      Dept Unit    . . : E1
Reason . . . . : SUPPLEMENTAL FOLLOWUP DUE
Due Date . . . : 5/01/05            Completion Date: 0/00/00
Officer    . . : ALFONSO, ELIA      Notify Officer?:

                        ***ASSIGNMENT HISTORY***
```

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOAN CLARK**<br><br>v.<br><br>**ESTATE OF DAVID FLACH, SR., et al.** | **Case: 1:08-cv-00779**<br><br>**Judge Richard J. Leon** |

## [PROPOSED] ORDER

Upon consideration of Defendant Estate of David Flach, Sr.'s Motion to Dismiss Pursuant to Rule 12(b)(6) (June 30, 2008) (Dkt. No. ___), it is

**ORDERED** that Defendant Estate of David Flach, Sr.'s Motion to Dismiss Pursuant to Rule 12(b)(6) is **GRANTED**, and it is further

**ORDERED** that the Complaint is hereby **DISMISSED**, with prejudice, as to Defendant Estate of David Flach, Sr.

**SO ORDERED.**

Date: _____

_____
Richard J. Leon
United States District Court Judge

cc:   Counsel of Record