IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
*Civil Division*

| | |
|---|---|
| JOAN CLARK ) | |
| ) | |
| ) | |
| v. ) | CA NO. 1:08-cv-00779 |
| ) | Judge Richard J. Leon |
| ESTATE OF DAVID FLACH, SR., et al. ) | |

------------------------------------------------------

### PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITY IN OPPOSITION TO DEFENDANT ESTATE OF DAVID FLACH, SR.'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

Plaintiff Joan Clark, by and through her attorney, and pursuant to District Court for the District of Columbia Local Rule 7(b) respectfully submits her Opposition to Defendant Estate of David Flach, Sr.'s[1] Motion to Dismiss Pursuant to Rule 12(b)(6).

### I. INTRODUCTION

Defendant Estate's Motion to Dismiss Pursuant to Rule 12(b)(6) must be denied because: 1) The motion is actually a Motion for Summary Judgment as it goes beyond the pleadings, only limited discovery has occurred and there are several genuine issues of material fact[2]; 2) Plaintiff has sufficiently plead negligence on the part of Defendant Estate; 3) Defendant Estate is liable for the negligent acts of it's agent(s); 4) Both David Flach, Sr. and Defendant Estate withdrew the complaint of the vehicle being stolen which proves that Defendant Lacey had consent to use the

---

[1] Hereinafter "Defendant Estate"

[2] While not a result of any behavior of the movant, discovery has been obstructed in this case by Defendant District of Columbia. Beginning in 2005, before Plaintiff filed suit, Plaintiff sought information from DCMPD regarding the accident and received no response. Plaintiff then sought discovery from the District of Columbia Metropolitan Police Department ("DCMPD") in related case CA NO 1:07-cv-00883 on June 25, 2007 via a subpoena *duces tecum* and Notice of Deposition of a Corporate Designee. To date, DCMPD has not complied with the subpoena and has not provided the information to Plaintiff. From the limited information ascertained by Plaintiff, Plaintiff was able to determine that David Flach, Sr. was the owner of the vehicle, but she has not yet been able to discover the facts surrounding the accident. There are still several outstanding discovery issues that have not been resolved.

vehicle; 5) There is no evidence in the record that the consent given to Defendant Lacey to "borrow" the car was, in any way, limited; and 6) Even if discovery produces evidence that the car was "stolen" from Defendant Lacey, liability would still attach. As Plaintiff has sufficiently plead a claim of negligence, discovery has not yet occurred, and the facts available at this time create several genuine issues of material fact to be considered by a jury this Court should dismiss Defendant Estate's Motion to Dismiss.

## II.  FACTS

On May 13, 2003, Plaintiff was struck by a 2003 Jaguar while traveling as a passenger in another vehicle in the 800 block of Southern Avenue SE in the District of Columbia.

Investigation conducted by the corporate defendants produced evidence that the owner of the 2003 Jaguar was David Flach, Sr., a resident of the Commonwealth of Virginia. Upon further investigation, Plaintiff learned that Defendant David Flach, Sr. died on August 20, 2006 and an estate was opened in the Circuit Court of Prince William County in the Commonwealth of Virginia on September 8, 2006 (Court File No. W-12193) naming Lawrence D. Hughes as the executor of the estate.

Further information from the Manassas Police Department report indicated that David Flach, Sr. had loaned his car, a 2003 Jaguar matching the description of the vehicle that collided with Plaintiff, to Defendant Anita Lacey. In the police report, Defendant Anita Lacey stated that she had fallen asleep at a party and someone had taken the car. Detective Van Noppen from the Manassas Police Department stated that David Flach, Sr. withdrew his complaint. The Manassas Police Department report indicates that Defendant Estate also withdrew the complaint on August 24, 2007.

Plaintiff was also able to obtain some documents from the Metropolitan Police

Department relating to the circumstances of the alleged theft of the vehicle and the accident. Plaintiff learned that Defendant Anita Lacey might have been an employee of David Flach, Sr. However, information on the police report indicates that he loaned his vehicle to Defendant Lacey for personal reasons, i.e. moving from one apartment to another and listing her as an acquaintance. (See Manassas Police Department Report, attached hereto as Exhibit 1). Although Defendant Anita Lacey alleges that she fell asleep at a party and someone took her keys, Plaintiff has not yet had the opportunity to conduct any discovery concerning the actual circumstances of who was driving the vehicle at the time of the accident and whether or not he or she was driving with the express or implied permission of Defendant Lacey.

Plaintiff has stated a claim for negligence against Defendant Estate. Based on the facts and the pleadings, taking all inferences in the light most favorable to Plaintiff, this Court should deny Defendant Estate's Motion to Dismiss.

### III.  ARGUMENT

**A.    Standard of Review**

When a party submits extrinsic evidence with a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the motion is converted into a motion for summary judgment: ("Under the Federal Rules of Civil Procedure, when a party files a motion to dismiss for failure to state a claim, the district court is instructed to treat the motion as one for summary judgment if either party submits additional materials 'outside the pleadings.' Fed.R.Civ.P. 12(b).") *Haase v. Sessions,* 835 F.2d 902, 905 (DC Cir. 1987).

The Supreme Court has stated that summary judgment is usually inappropriate unless there has been adequate time for discovery. *Celotex Corp. v. Catrett,*, 474 US 317, 322 (1986). Additionally, summary judgment is only appropriate when the entire record before the court

demonstrates that no genuine issue of material fact exists. *Id.* at 323-324. "In determining whether there is a genuine issue of material fact sufficient to preclude summary judgment, the non-movant's statements should be accepted as true and all inferences should be drawn in the non-movant's favor." *Martin v. Citibank, Inc.,* 2008 WL 2492068, 2 (DDC.,2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

If this Court were to treat Defendant Estate's motion as a proper Rule 12(b)(6) motion, Defendant Estate would fare no better. The Federal Rules of Civil Procedure require that a complaint contain " 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' *The Kevin S. Bennett Trust U/A Dated August 2, 1989 v. Bennett,* 2008 WL 2445489, 3 (DDC 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. ----, 127 S.Ct. 1955, 1964 (2007)). The court must construe the counterclaim in a light most favorable to the counterclaimant and "must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations." *Id.* at *3.

**B.** **Plaintiff Met Her Burden of Pleading Facts Sufficient to Recover for Negligence Against the Estate.**

   **1.** **Defendant Estate is Vicariously Liable for the Negligent Acts of Defendant Lacey.**

Defendant Estate's arguments fail as a matter of law. The basis for Plaintiff's claims of negligence against Defendant Estate are well-established in this circuit's case law. Vicarious liability is a legal concept transferring the liability of an agent to a principal . *Crawford v. Signet Bank*, 179 F.3d 926, 929 (DC Cir. 1999). In this case, David Flach, Sr. entrusted his vehicle to Defendant Lacey by giving her permission to use the car for personal use. The uncontradicted evidence, as admitted by Defendant Estate in their motion, is that David Flach, Sr. had given

Defendant Lacey permission to use his vehicle. (Def. Motion, p. 5). Therefore, under the legal concept of vicarious liability, any negligence on the part of Defendant Lacey in lending the vehicle to a third party is imputed to Defendant Estate.

    2.    **Defendant Estate's Reliance on *Amicar Rentals v. Moore, III* is Inapposite Because David Flach, Sr. And Defendant Estate Withdrew the Complaint.**

Defendant Estate's reliance on the holding in *Americar Rentals v. Moore* is misplaced. (Def. Motion, pp. 5-6). The holding in *Americar* applied to the *uncontested* fact that a rental car company withdrew its consent to the driver when it filed a failure to return complaint with the Montgomery County Police Department in Rockville, Maryland. *Americar*, 294 A.2d 361, 362 (DC 1972). In that case, the Court pointed out that the presumption of consent was rebutted only "**absent some showing that the complaint was withdrawn**." *Id.* (emphasis added). That is exactly what happened in this case. A detective from the Manassas Police Department stated that David Flach, Sr. had withdrawn the complaint. Further, a reading of the Mannassas Police Report proves that Defendant Estate withdrew the complaint on August 24, 2007. ("I advised Ms. Kessner [executor of Mr. Flach's estate] that the entry could be removed at her discretion if she wished since she was the executor of the estate and *she stated that she would like it removed*, so all matters would be taken care of. Therefore, based on the above, the *entry was cancelled* this date by this writer." (Ex. 1, p. 6) (emphasis added). Once the complaint is withdrawn, there was not theft of the vehicle and, hence, it is tacit ratification for the use of his vehicle.

This withdrawal of the complaint negates Defendant Estate's rebuttal of the presumption that Defendant Lacey had his consent to use the vehicle at the time of the accident. Therefore, any negligence on the part of Defendant Lacey is imputable to Defendant Estate and Plaintiff has

properly plead a claim of negligence as to Defendant Estate.  At a minimum, it creates a genuine issue of fact for the jury to consider precluding a dismissal or summary judgment.

### 3. Even in Circumstances Involving the Theft of a Vehicle, Liability May Still Attach.

To date, there has only been limited discovery in this case.  Plaintiff learned, both through the Manassas Police Report and a subsequent conversation with a representative of the Mannassas Police Department, that, at some point, David Flach, Sr. withdrew his stolen vehicle report.  As part of the discovery process, Plaintiff will seek more detaied information from the Manassas Police Department.

The fact that a police report was filed is not uncontradicted evidence entitling Defendant Estate to have the claims against it dismissed.  "[T]he mere fact that a thief stole the car is not, in and of itself, an independent and unforeseeable event that cuts off liability." *Gaither v. Myers*, 404 F.2d 216, 221 (DC Cir. 1968).  "The fact that the intermeddler's conduct was itself a proximate cause of the harm, and was probably criminal, is immaterial." *Ross v. Hartman,* 139 F.2d 14 (DC Cir. 1943) The *Ross* court looked to a case in which an agency had recommended a servant to an employee without conducting an investigation, as required by a statute.  The employee robbed his employer and the court held the agency responsible because "the conduct of the defendant or his agent was negligent *precisely because it created the risk that a third person would act improperly.*"  *Id.*

The facts ascertained by Plaintiff during the limited discovery to date support that theory.  Defendant Lacey and David Flach, Sr. had a longstanding relationship, whether on a personal level, a professional level or both.  Detective Van Noppen of the Manassas Police Department stated that Defendant Lacey was an employee of Mr. Flach.  Mr. Flach listed Defendant Lacey as

an "acquaintance" on the police report. Defendant Lacey has a criminal history which includes multiple infractions involving theft, fraud and driving on a suspended or revoked license. (See partial arrest record of Defendant Lacey, attached hereto as Exhibit 2). David Flach, Sr. was negligent in lending his car to Defendant Lacey. If Defendant Lacey was and employee of David Flach, Sr., he would, more likely than not, have been aware of her criminal history. The court, in *Boland v. Love*, 222 F.2d 27 (Dc Cir. 1955) imposed liability on the owner of a car where an employee, who was known to be untrustworthy, took the car and got into an accident. The *Boland* Court looked to the Restatement Torts §308, comment b which states, "[W]here an actor entrusts a thing to a third person...if the third person's known character...are such as to give the actor a good reason to believe that the third person may misuse it" may give rise to the breach of a duty by the actor in allowing the third person to use the thing in question. *Boland*, 222 F.2d at 36. (citing *Gunning v. Cooley*, 281 US 90 (1930) for the holding that it is for a jury to decide whether the owner breached that duty to the plaintiff and whether the consequences could have been reasonably anticipated).

David Flach Sr. was negligent in lending his vehicle to Defendant Lacey given her past history of untrustworthiness. It was foreseeable that she would not be the only one driving the vehicle and/or that she would be negligent in her operation of the car. Just as the court put the burden of risk on the owner of the vehicle who created the risk in *Ross,* this Court should not dismiss Defendant Estate's liability by failing to hold it accountable for its burden.

   4. **With Limited Discovery, Defendant Estate Cannot Say that Defendant Lacey Was Not Driving the Vehicle at the Time of the Accident. Even if She Wasn't, That Fact Alone Does Not Relieve Defendant Estate From Her Negligence When Unlimited Consent Was Given for the Use of the Vehicle.**

Although Plaintiff has only had limited discovery into the facts surrounding the use and

alleged theft of David Flach, Sr.'s vehicle, Plaintiff does have evidence that Defendant Lacey may have been the one driving the vehicle at the time of the accident.  (See Event Chronology from District of Columbia Metropolitan Police Department, attached hereto as Exhibit 3, listing vehicle as "possibly driven by Lacy, Anita").  Therefore, there is a genuine issue of material fact that should be presented to the jury and should be investigated more through the discovery process.

      Moreover, Defendant Estate's entire argument is based on the erroneous assertion that "[c]onsent is specific to the person to whom it is granted, and Flach's consent to Lacey to borrow the car cannot be transferred from Lacey to the 'unknown' thief." (Def. Motion, p. 5, fn. 2).  A review of the cases Defendant Estate relies upon shows that they do not apply to this case.

      In *Lancaster v. Canuel*, 193 A.2d 555 (DC 1963) the owner of the vehicle was able to show that he "had never given Cooke the right to drive the car after business hours for any purpose of his own and that he had never known of Cooke doing so." *Lancaster*, 193 A2d at 558.  The *Lancaster* court did not state that consent is specific to the person to whom it is granted.  Rather, the court looked to see if there was uncontradicted evidence that consent was specifically given *only* to the person to whom the vehicle was loaned.

      Similarly, in *Simon v. Dew,* 91 A.2d 214 (DC 1952), the Court considered the "uncontradicted testimony by the owner that his agreement with Campbell included instructions not to permit anyone to drive the rented cab." *Simon*, 91 A.2d at 216.  The *Simon* court looked to the earlier case of *Milstead v. District of Columbia*, 91 A.2d 93 (DC 1952) where an employee of the owner of a tractor let another person drive the tractor resulting in an accident.  The court heard testimony from the owner who said that he expressly forbid anyone other than the employee from driving the tractor and testimony from the employee who said that he had not

been instructed not to let anyone else drive the tractor. *Milstead*, 91 A.2d at 94.  The Court did not hold that consent was specific to the person to whom the tractor was loaned, but instead held that the owner was liable for damage caused by the driver.[3]

Finally, Defendant Estate cites to *Jones v. Halun*, 294 A.2d 361 (DC 1972).  This is another case where there was uncontradicted evidence that the owner of the vehicle, a father, had expressly forbid his son from allowing anyone else to drive his vehicle.  Despite this warning, the child allowed a friend to drive resulting in an accident.

In this case, there have been no express limitations to David Flach, Sr.'s consent to allow Defendant Lacey to borrow his car or to allow others to drive it while she had possession of it.  In fact, the Manassas Police Report confirms that David Flach, Sr. gave consent for Defendant Lacey to "borrow the ... vehicle for 'half an hour' so she could move some of her belongings." (Ex. 1, p. 4).  Normally, moving from one home to another home involves more than one person and it is likely that she might not have been the only one driving the car the entire time.  Further, when she had not returned the car within the half hour, David Flach, Sr. spoke to her and did not protest when she told him that she had used the car for other errands including driving family members around. (Ex. 1, p. 4).  Nowhere in the police report did David Flach, Sr. indicate to police that there was any limitation whatsoever on Defendant Lacey's use of the vehicle.  The facts point to the opposite, he never told her that she was the only one to drive the car and he never complained when she didn't bring the car back right away.

Therefore, the facts and the law contradict Defendant Estate's position that Defendant

---

[3] Of note, the Court stated that a directed verdict, given the evidence, would have been improper "had the trial been by jury the judge could not properly, on the inconclusive evidence offered by defendant, have taken the case from the jury. There being no jury in this case and he being the trier of the facts, it is equally plain that he could not properly have ruled in favor of defendant as a matter of law." *Id.* at 95.

Lacey didn't have consent for her use of the vehicle. The facts and the law also show that consent is specific to the person to whom it is granted *only where expressly communicated*. It is a matter of fact for a jury to determine whether Defendant Lacey was driving the car at the time of the accident and whether David Flach, Sr.'s consent to Defendant Lacey would extend to any other person who may have been driving the car at the time of the accident. Accordingly, this Court should deny Defendant Estate's Motion to Dismiss.

### IV. <u>CONCLUSION</u>

Plaintiff has not had time to conduct the necessary discovery in this case. There are many facts relating to Plaintiff's claims that she has not yet been able to ascertain. However, based on the pleadings, the limited discovery, and making all inferences in favor of Plaintiff, it is clear that she has stated a claim for negligence as to Defendant Estate and, therefore, Defendant Estate's Motion to Dismiss Pursuant to Rule 12(b)(6) should be denied.

Plaintiff requests a hearing in this matter.

Respectfully submitted,
By:      /s/ Ernest W. McIntosh
Ernest W. McIntosh
Newman, McIntosh & Hennessey, LLP
7315 Wisconsin Ave., Suite 700E
Bethesda, MD 20814
(301) 654-3400
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

Pursuant to the United States District Court Local Rule for the District of Columbia 5.4(d), I hereby certify that a copy of the foregoing Motion to Amend Complaint was served via the CM/ECF electronic filing system on July 11, 2008 to:

John E. Clabby, Esq.
Dane H. Bustwinkas, Esq.
Williams & Connolly, LLP
725 Twelfth Street, NW
Washington, DC 20005

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
*Civil Division*

| | | |
|---|---|---|
| JOAN CLARK | ) | |
| | ) | |
| | ) | |
| v. | ) | CA NO. 1:07-cv-00883 |
| | ) | Judge Richard J. Leon |
| JOHN DOE, et al. | ) | |

----------------------------------------------------

**ORDER**

UPON CONSIDERATION of Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6), Plaintiff's Opposition and any Reply thereto, it is this _____ day of _____, 2008, by the United States District Court for the District of Columbia,

**ORDERED**, that the Defendant's Motion to Dismiss is hereby **DENIED**.

_____
The Honorable Richard J. Leon
United States District Court for the District of Columbia

**Copies to**:

Ernest W. McIntosh
NEWMAN, MCINTOSH & HENNESSEY, LLP
7315 Wisconsin Ave., Suite 700E
Bethesda, MD 20814

and

John E. Clabby, Esq.
Dane H. Bustwinkas, Esq.
Williams & Connolly, LLP
725 Twelfth Street, NW
Washington, DC 20005