**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
*Civil Division*

| | | |
|---|---|---|
| **JOAN CLARK** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **CA NO. 1:08-cv-00779** |
| | ) | **Judge Richard J. Leon** |
| **ESTATE OF DAVID FLACH, SR., et al.** | ) | |

------------------------------------------------------

**ERRATA NOTICE OF CORRECTED EXHIBITS FILED IN SUPPORT**
**OF PLAINTIFF'S OPPOSITION TO DEFENDANT ESTATE OF DAVID FLACH, SR.'S**
**MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

Plaintiff Joan Clark, by and through her attorney, and pursuant to the docket entry Notice entered on July 14, 2008, hereby re-files her opposition and submits the following redacted exhibits in support of her opposition: 1. Manassas Police Report; 2. Criminal History of Anita Lacy; and 3. Event Chronology.

Respectfully submitted,
By:      /s/ Ernest W. McIntosh
Ernest W. McIntosh
Newman, McIntosh & Hennessey, LLP
7315 Wisconsin Ave., Suite 700E
Bethesda, MD 20814
(301) 654-3400
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

Pursuant to the United States District Court Local Rule for the District of Columbia 5.4(d), I hereby certify that a copy of the foregoing Motion to Amend Complaint was served via the CM/ECF electronic filing system on July 14, 2008 to all attorneys of record registered with the CM/ECF system.

_/s/ Ernest W. McIntosh_____
Ernest W. McIntosh

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
*Civil Division*

| | | |
|---|---|---|
| **JOAN CLARK** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **CA NO. 1:08-cv-00779** |
| | ) | **Judge Richard J. Leon** |
| **ESTATE OF DAVID FLACH, SR., et al.** | ) | |

---------------------------------------------------------

## PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITY IN OPPOSITION TO DEFENDANT ESTATE OF DAVID FLACH, SR.'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

Plaintiff Joan Clark, by and through her attorney, and pursuant to District Court for the

District of Columbia Local Rule 7(b) respectfully submits her Opposition to Defendant Estate of

David Flach, Sr.'s[1] Motion to Dismiss Pursuant to Rule 12(b)(6).

## I.  INTRODUCTION

Defendant Estate's Motion to Dismiss Pursuant to Rule 12(b)(6) must be denied because: 1) The

motion is actually a Motion for Summary Judgment as it goes beyond the pleadings, only limited

discovery has occurred and there are several genuine issues of material fact[2]; 2) Plaintiff has

sufficiently plead negligence on the part of Defendant Estate; 3) Defendant Estate is liable for

the negligent acts of it's agent(s); 4) Both David Flach, Sr. and Defendant Estate withdrew the

complaint of the vehicle being stolen which proves that Defendant Lacey had consent to use the

---

[1] Hereinafter "Defendant Estate"

[2] While not a result of any behavior of the movant, discovery has been obstructed in this case by Defendant District of Columbia. Beginning in 2005, before Plaintiff filed suit, Plaintiff sought information from DCMPD regarding the accident and received no response. Plaintiff then sought discovery from the District of Columbia Metropolitan Police Department ("DCMPD") in related case CA NO 1:07-cv-00883 on June 25, 2007 via a subpoena *duces tecum* and Notice of Deposition of a Corporate Designee. To date, DCMPD has not complied with the subpoena and has not provided the information to Plaintiff. From the limited information ascertained by Plaintiff, Plaintiff was able to determine that David Flach, Sr. was the owner of the vehicle, but she has not yet been able to discover the facts surrounding the accident. There are still several outstanding discovery issues that have not been resolved.

vehicle; 5) There is no evidence in the record that the consent given to Defendant Lacey to "borrow" the car was, in any way, limited; and 6) Even if discovery produces evidence that the car was "stolen" from Defendant Lacey, liability would still attach.  As Plaintiff has sufficiently plead a claim of negligence, discovery has not yet occurred, and the facts available at this time create several genuine issues of material fact to be considered by a jury this Court should dismiss Defendant Estate's Motion to Dismiss.

## II.  <u>FACTS</u>

On May 13, 2003, Plaintiff was struck by a 2003 Jaguar while traveling as a passenger in another vehicle in the 800 block of Southern Avenue SE in the District of Columbia.

Investigation conducted by the corporate defendants produced evidence that the owner of the 2003 Jaguar was David Flach, Sr., a resident of the Commonwealth of Virginia.   Upon further investigation, Plaintiff learned that Defendant David Flach, Sr. died on August 20, 2006 and an estate was opened in the Circuit Court of Prince William County in the Commonwealth of Virginia on September 8, 2006 (Court File No. W-12193) naming Lawrence D. Hughes as the executor of the estate.

Further information from the Manassas Police Department report indicated that David Flach, Sr. had loaned his car, a 2003 Jaguar matching the description of the vehicle that collided with Plaintiff, to Defendant Anita Lacey.  In the police report, Defendant Anita Lacey stated that she had fallen asleep at a party and someone had taken the car.  Detective Van Noppen from the Manassas Police Department stated that David Flach, Sr. withdrew his complaint.  The Manassas Police Department report indicates that Defendant Estate also withdrew the complaint on August 24, 2007.

Plaintiff was also able to obtain some documents from the Metropolitan Police

Department relating to the circumstances of the alleged theft of the vehicle and the accident.

Plaintiff learned that Defendant Anita Lacey might have been an employee of David Flach, Sr.

However, information on the police report indicates that he loaned his vehicle to Defendant

Lacey for personal reasons, i.e. moving from one apartment to another and listing her as an

acquaintance.  (See Manassas Police Department Report, attached hereto as Exhibit 1). Although

Defendant Anita Lacey alleges that she fell asleep at a party and someone took her keys, Plaintiff

has not yet had the opportunity to conduct any discovery concerning the actual circumstances of

who was driving the vehicle at the time of the accident and whether or not he or she was driving

with the express or implied permission of Defendant Lacey.

Plaintiff has stated a claim for negligence against Defendant Estate.  Based on the facts

and the pleadings, taking all inferences in the light most favorable to Plaintiff, this Court should

deny Defendant Estate's Motion to Dismiss.

### III.  ARGUMENT

**A.**    **Standard of Review**

When a party submits extrinsic evidence with a motion to dismiss pursuant to Federal

Rule of Civil Procedure 12(b)(6), the motion is converted into a motion for summary judgment:

("Under the Federal Rules of Civil Procedure, when a party files a motion to dismiss for failure

to state a claim, the district court is instructed to treat the motion as one for summary judgment if

either party submits additional materials 'outside the pleadings.' Fed.R.Civ.P. 12(b).") *Haase v.*

*Sessions,* 835 F.2d 902, 905 (DC Cir. 1987).

The Supreme Court has stated that summary judgment is usually inappropriate unless

there has been adequate time for discovery.  *Celotex Corp. v. Catrett,*, 474 US 317, 322 (1986).

Additionally, summary judgment is only appropriate when the entire record before the court

demonstrates that no genuine issue of material fact exists. *Id.* at 323-324. "In determining whether there is a genuine issue of material fact sufficient to preclude summary judgment, the non-movant's statements should be accepted as true and all inferences should be drawn in the non-movant's favor." *Martin v. Citibank, Inc.,* 2008 WL 2492068, 2 (DDC.,2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

If this Court were to treat Defendant Estate's motion as a proper Rule 12(b)(6) motion, Defendant Estate would fare no better. The Federal Rules of Civil Procedure require that a complaint contain " 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' *The Kevin S. Bennett Trust U/A Dated August 2, 1989 v. Bennett,* 2008 WL 2445489, 3 (DDC 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. ----, 127 S.Ct. 1955, 1964 (2007)). The court must construe the counterclaim in a light most favorable to the counterclaimant and "must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations." *Id.* at *3.

**B.** **Plaintiff Met Her Burden of Pleading Facts Sufficient to Recover for Negligence Against the Estate.**

    **1.** **Defendant Estate is Vicariously Liable for the Negligent Acts of Defendant Lacey.**

Defendant Estate's arguments fail as a matter of law. The basis for Plaintiff's claims of negligence against Defendant Estate are well-established in this circuit's case law. Vicarious liability is a legal concept transferring the liability of an agent to a principal . *Crawford v. Signet Bank*, 179 F.3d 926, 929 (DC Cir. 1999). In this case, David Flach, Sr. entrusted his vehicle to Defendant Lacey by giving her permission to use the car for personal use. The uncontradicted evidence, as admitted by Defendant Estate in their motion, is that David Flach, Sr. had given

Defendant Lacey permission to use his vehicle. (Def. Motion, p. 5).  Therefore, under the legal concept of vicarious liability, any negligence on the part of Defendant Lacey in lending the vehicle to a third party is imputed to Defendant Estate.

    2.       **Defendant Estate's Reliance on *Amicar Rentals v. Moore, III* is Inapposite Because David Flach, Sr. And Defendant Estate Withdrew the Complaint.**

Defendant Estate's reliance on the holding in *American Rentals v. Moore* is misplaced. (Def. Motion, pp. 5-6). The holding in *American* applied to the *uncontested* fact that a rental car company withdrew its consent to the driver when it filed a failure to return complaint with the Montgomery County Police Department in Rockville, Maryland.  *American*, 294 A.2d 361, 362 (DC 1972).  In that case, the Court pointed out that the presumption of consent was rebutted only "**absent some showing that the complaint was withdrawn**." *Id.*  (emphasis added). That is exactly what happened in this case.  A detective from the Manassas Police Department stated that David Flach, Sr. had withdrawn the complaint.  Further, a reading of the Mannassas Police Report proves that Defendant Estate withdrew the complaint on August 24, 2007.  ("I advised Ms. Kessner [executor of Mr. Flach's estate] that the entry could be removed at her discretion if she wished since she was the executor of the estate and *she stated that she would like it removed*, so all matters would be taken care of.  Therefore, based on the above, the *entry was cancelled* this date by this writer." (Ex. 1, p. 6) (emphasis added). Once the complaint is withdrawn, there was not theft of the vehicle and, hence, it is tacit ratification for the use of his vehicle.

This withdrawal of the complaint negates Defendant Estate's rebuttal of the presumption that Defendant Lacey had his consent to use the vehicle at the time of the accident.  Therefore, any negligence on the part of Defendant Lacey is imputable to Defendant Estate and Plaintiff has

properly plead a claim of negligence as to Defendant Estate. At a minimum, it creates a genuine issue of fact for the jury to consider precluding a dismissal or summary judgment.

3.    **Even in Circumstances Involving the Theft of a Vehicle, Liability May Still Attach.**

To date, there has only been limited discovery in this case. Plaintiff learned, both through the Manassas Police Report and a subsequent conversation with a representative of the Mannassas Police Department, that, at some point, David Flach, Sr. withdrew his stolen vehicle report. As part of the discovery process, Plaintiff will seek more detaied information from the Manassas Police Department.

The fact that a police report was filed is not uncontradicted evidence entitling Defendant Estate to have the claims against it dismissed. "[T]he mere fact that a thief stole the car is not, in and of itself, an independent and unforeseeable event that cuts off liability." *Gaither v. Myers*, 404 F.2d 216, 221 (DC Cir. 1968). "The fact that the intermeddler's conduct was itself a proximate cause of the harm, and was probably criminal, is immaterial." *Ross v. Hartman,* 139 F.2d 14 (DC Cir. 1943) The *Ross* court looked to a case in which an agency had recommended a servant to an employee without conducting an investigation, as required by a statute. The employee robbed his employer and the court held the agency responsible because "the conduct of the defendant or his agent was negligent *precisely because it created the risk that a third person would act improperly*." <u>*Id.*</u>

The facts ascertained by Plaintiff during the limited discovery to date support that theory. Defendant Lacey and David Flach, Sr. had a longstanding relationship, whether on a personal level, a professional level or both. Detective Van Noppen of the Manassas Police Department stated that Defendant Lacey was an employee of Mr. Flach. Mr. Flach listed Defendant Lacey as

an "acquaintance" on the police report.  Defendant Lacey has a criminal history which includes

multiple infractions involving theft, fraud and driving on a suspended or revoked license. (See

partial arrest record of Defendant Lacey, attached hereto as Exhibit 2).   David Flach, Sr. was

negligent in lending his car to Defendant Lacey.  If Defendant Lacey was and employee of

David Flach, Sr., he would, more likely than not, have been aware of her criminal history.  The

court, in *Boland v. Love*, 222 F.2d 27 (Dc Cir. 1955) imposed liability on the owner of a car

where an employee, who was known to be untrustworthy, took the car and got into an accident.

The *Boland* Court looked to the Restatement Torts §308, comment b which states, "[W]here an

actor entrusts a thing to a third person...if the third person's known character...are such as to give

the actor a good reason to believe that the third person may misuse it" may give rise to the

breach of a duty by the actor in allowing the third person to use the thing in question.  *Boland*,

222 F.2d at 36. (citing *Gunning v. Cooley*, 281 US 90 (1930) for the holding that it is for a jury

to decide whether the owner breached that duty to the plaintiff and whether the consequences

could have been reasonably anticipated).

David Flach Sr. was negligent in lending his vehicle to Defendant Lacey given her past

history of untrustworthiness.  It was foreseeable that she would not be the only one driving the

vehicle and/or that she would be negligent in her operation of the car.  Just as the court put the

burden of risk on the owner of the vehicle who created the risk in *Ross*, this Court should not

dismiss Defendant Estate's liability by failing to hold it accountable for its burden.

> **4.    With Limited Discovery, Defendant Estate Cannot Say that Defendant Lacey Was Not Driving the Vehicle at the Time of the Accident.  Even if She Wasn't, That Fact Alone Does Not Relieve Defendant Estate From Her Negligence When Unlimited Consent Was Given for the Use of the Vehicle.**

Although Plaintiff has only had limited discovery into the facts surrounding the use and

alleged theft of David Flach, Sr.'s vehicle, Plaintiff does have evidence that Defendant Lacey may have been the one driving the vehicle at the time of the accident. (See Event Chronology from District of Columbia Metropolitan Police Department, attached hereto as Exhibit 3, listing vehicle as "possibly driven by Lacy, Anita"). Therefore, there is a genuine issue of material fact that should be presented to the jury and should be investigated more through the discovery process.

Moreover, Defendant Estate's entire argument is based on the erroneous assertion that "[c]onsent is specific to the person to whom it is granted, and Flach's consent to Lacey to borrow the car cannot be transferred from Lacey to the 'unknown' thief." (Def. Motion, p. 5, fn. 2). A review of the cases Defendant Estate relies upon shows that they do not apply to this case.

In *Lancaster v. Canuel*, 193 A.2d 555 (DC 1963) the owner of the vehicle was able to show that he "had never given Cooke the right to drive the car after business hours for any purpose of his own and that he had never known of Cooke doing so." *Lancaster*, 193 A2d at 558. The *Lancaster* court did not state that consent is specific to the person to whom it is granted. Rather, the court looked to see if there was uncontradicted evidence that consent was specifically given *only* to the person to whom the vehicle was loaned.

Similarly, in *Simon v. Dew*, 91 A.2d 214 (DC 1952), the Court considered the "uncontradicted testimony by the owner that his agreement with Campbell included instructions not to permit anyone to drive the rented cab." *Simon*, 91 A.2d at 216. The *Simon* court looked to the earlier case of *Milstead v. District of Columbia*, 91 A.2d 93 (DC 1952) where an employee of the owner of a tractor let another person drive the tractor resulting in an accident. The court heard testimony from the owner who said that he expressly forbid anyone other than the employee from driving the tractor and testimony from the employee who said that he had not

-8-

been instructed not to let anyone else drive the tractor. *Milstead*, 91 A.2d at 94. The Court did not hold that consent was specific to the person to whom the tractor was loaned, but instead held that the owner was liable for damage caused by the driver.[3]

Finally, Defendant Estate cites to *Jones v. Halun*, 294 A.2d 361 (DC 1972). This is another case where there was uncontradicted evidence that the owner of the vehicle, a father, had expressly forbid his son from allowing anyone else to drive his vehicle. Despite this warning, the child allowed a friend to drive resulting in an accident.

In this case, there have been no express limitations to David Flach, Sr.'s consent to allow Defendant Lacey to borrow his car or to allow others to drive it while she had possession of it. In fact, the Manassas Police Report confirms that David Flach, Sr. gave consent for Defendant Lacey to "borrow the ... vehicle for 'half an hour' so she could move some of her belongings." (Ex. 1, p. 4). Normally, moving from one home to another home involves more than one person and it is likely that she might not have been the only one driving the car the entire time. Further, when she had not returned the car within the half hour, David Flach, Sr. spoke to her and did not protest when she told him that she had used the car for other errands including driving family members around. (Ex. 1, p. 4). Nowhere in the police report did David Flach, Sr. indicate to police that there was any limitation whatsoever on Defendant Lacey's use of the vehicle. The facts point to the opposite, he never told her that she was the only one to drive the car and he never complained when she didn't bring the car back right away.

Therefore, the facts and the law contradict Defendant Estate's position that Defendant

---

[3]Of note, the Court stated that a directed verdict, given the evidence, would have been improper "had the trial been by jury the judge could not properly, on the inconclusive evidence offered by defendant, have taken the case from the jury. There being no jury in this case and he being the trier of the facts, it is equally plain that he could not properly have ruled in favor of defendant as a matter of law." *Id.* at 95.

Lacey didn't have consent for her use of the vehicle. The facts and the law also show that consent is specific to the person to whom it is granted *only where expressly communicated*. It is a matter of fact for a jury to determine whether Defendant Lacey was driving the car at the time of the accident and whether David Flach, Sr.'s consent to Defendant Lacey would extend to any other person who may have been driving the car at the time of the accident. Accordingly, this Court should deny Defendant Estate's Motion to Dismiss.

## IV.  CONCLUSION

Plaintiff has not had time to conduct the necessary discovery in this case. There are many facts relating to Plaintiff's claims that she has not yet been able to ascertain. However, based on the pleadings, the limited discovery, and making all inferences in favor of Plaintiff, it is clear that she has stated a claim for negligence as to Defendant Estate and, therefore, Defendant Estate's Motion to Dismiss Pursuant to Rule 12(b)(6) should be denied.

Plaintiff requests a hearing in this matter.

Respectfully submitted,
By:    /s/ Ernest W. McIntosh
Ernest W. McIntosh
Newman, McIntosh & Hennessey, LLP
7315 Wisconsin Ave., Suite 700E
Bethesda, MD 20814
(301) 654-3400
*Counsel for Plaintiff*

-10-

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to the United States District Court Local Rule for the District of Columbia

5.4(d), I hereby certify that a copy of the foregoing Motion to Amend Complaint was served via

the CM/ECF electronic filing system on July 11, 2008 to:

John E. Clabby, Esq.
Dane H. Bustwinkas, Esq.
Williams & Connolly, LLP
725 Twelfth Street, NW
Washington, DC 20005

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
*Civil Division*

| | | |
|---|---|---|
| **JOAN CLARK** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **CA NO. 1:07-cv-00883** |
| | ) | **Judge Richard J. Leon** |
| **JOHN DOE, et al.** | ) | |
| -------------------------------------------------------- | | |

### ORDER

UPON CONSIDERATION of Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6),

Plaintiff's Opposition and any Reply thereto, it is this _____ day of _____, 2008, by

the United States District Court for the District of Columbia,

**ORDERED**, that the Defendant's Motion to Dismiss is hereby **DENIED**.

_____
The Honorable Richard J. Leon
United States District Court for the District of Columbia

**Copies to**:

Ernest W. McIntosh
NEWMAN, MCINTOSH & HENNESSEY, LLP
7315 Wisconsin Ave., Suite 700E
Bethesda, MD 20814

and

John E. Clabby, Esq.
Dane H. Bustwinkas, Esq.
Williams & Connolly, LLP
725 Twelfth Street, NW
Washington, DC 20005

```
Date:   2/25/08                   MANASSAS POLICE DEPARTMENT              Page:
Time:  14:50:02                                                          Program: CMS301
```

```
Case Number  .  :  1-05-002006          ISD Control #  :
Occur From Date:  4/26/05 16:00         Occur To Date  :  4/26/05 17:00
Report Date  .  :  4/27/05 18:01        Case Status    .  :  Warrant Obtained
Case Status Dt  :  4/28/05              Day Of Week    .  :  Tuesday
Dept Class . . :  ALL OTHERS OFFENSES   Alcohol Related:  Not Applicable
Drug Related?  :  Not Applicable
Common Name  .  :  DAVID FLACH RESIDENCE, 9250 BENNETT ST
City . . . . . :  MANASSAS,
Map Reference  :  103                   Location Type  :  Residence/Home
Beat Assignment:  HAYDON Beat 33        District . . . :  E1-Evening Shift
Report Officer :  ALFONSO, ELIA
Supervisory Emp:  MISCHOU, MICHAEL  4/28/05
Entry Employee :  WASHINGTON, CHERYL  5/19/05
Offenses?  . . :                        Property?  . . :
Names? . . . . :                        Vehicles?  . . :
Narrative? . . :                        Relationships? :
Case Management:                        Related Cases? :
Addtnl Times?  :                        Payments?  . . :
Interfaces?  . :
```

```
********************* A D D I T I O N A L    T I M E S *********************
Case Number  .  :  1-05-002006          Date Dispatched: 4/27/05 18:01
Date Responded :  0/00/00               Date Arrived . : 4/27/05 18:01
Date Cleared . :  4/27/05 18:55
```

```
************ C A S E   M A N A G E M E N T   I N F O R M A T I O N ***********
Case Number  .  :  1-05-002006          Common Name  . :
Location . . . :                        Occur Date/Time:
Rpt Date/Off . :                        Dept Class . . : ALL OTHERS OFFENSES
Case Status  . :  Warrant Obtained      Case Status Dt : 4/28/05
Forwarded To . :  Patrol                Investigator . :
Actions? . . . :                        Ticklers?  . . :
```

```
                    ***ACTION HISTORY***
Case Number  .  :  1-05-002006          Action . . . . : Assigned Patrol
Description  . :                        Desc - cont. . :
Dept Unit  . . :  Patrol                Officer  . . . : ALFONSO, ELIA
Update Tickler?:                        Action Date  . : 4/28/05
Entered Date . :  5/19/05 8:41
```

```
                    ***TICKLER HISTORY***
Case Number  .  :  1-05-002006          Dept Unit  . . : E1
Reason . . . . :  SUPPLEMENTAL FOLLOWUP DUE
Due Date . . . :  5/26/05               Completion Date: 0/00/00
Officer  . . . :  ALFONSO, ELIA         Notify Officer?:
Case Number  .  :  1-05-002006          Dept Unit  . . : E1
Reason . . . . :  SUPPLEMENTAL FOLLOWUP DUE
Due Date . . . :  5/11/05               Completion Date: 0/00/00
Officer  . . . :  ALFONSO, ELIA         Notify Officer?:
Case Number  .  :  1-05-002006          Dept Unit  . . : E1
Reason . . . . :  SUPPLEMENTAL FOLLOWUP DUE
Due Date . . . :  5/01/05               Completion Date: 0/00/00
Officer  . . . :  ALFONSO, ELIA         Notify Officer?:
```

```
                    ***ASSIGNMENT HISTORY***
```

```
Date:   2/25/08                MANASSAS POLICE DEPARTMENT           Page:
Time:  14:50:02                                                    Program: CMS301
```

```
                                          1-05-002006   (Continued)
Case Number  . : 1-05-002006          Dept Unit  . . : Patrol
Investigator . :                      U/D Long Fld 1 :
U/D Long Fld 2 :                       U/D Long Fld 3 :
Supervisor . . : NEUMANN, TIMOTHY     Assignment Date: 4/28/05
Addtl Officer  :                      Addtl Officer  :
Addtl Officer  :                      Notify Investig:
Dept Priority  :                      Inv Priority . :
```

```
******************** O F F E N S E      R E P O R T  #  1 *****************
Case Number  . : 1-05-002006          State Class  . : All Other Offenses
Attmpt/Committ : COMMITTED
Statute/Ordin  : UNAUTHORIZED USE OF VEHICLE
Computer Theft : Not Applicable       Location Type  : Residence/Home
How/Where Entry: Entry Unknown - Exit Unknown
Premises Enter : 0                     Forced Entry . : No
Weapon Type  . : None                 Attack Reason  : None (no bias)
Crim Activity  :                      State Dispo  . :
UCR Disposition: Warrants Pending/Obtained
Dispo Date . . : 4/28/05              Exception Clear: Not Applicable
Arrest Case No.:                      People Arrested: 0
Domestic Viol. :                      Homicide/Asslt?:
Solvability? . :                      Federal Class  :
Statute Desc . : 18.2-102
```

```
********* O F F E N S E    P R I M A R Y   R E L A T I O N S H I P S *********
Offense #:   001 All Other Offenses / / UNAUTHORIZED USE OF VEHICLE
Vehicle #.: 001   / VICTIMS VEHICLE
    Name #...:  001   (SUSP) LACY, ANITA
    Name #...:  001   (VICT) FLACH, DAVID M.
```

```
************** N A M E   P R I M A R Y   R E L A T I O N S H I P S **********
Name #...:  001   (VICT) FLACH, DAVID M.
    Name #...:  001   (SUSP) LACY, ANITA / Acquaintance
```

```
********* V E H I C L E    I N F O R M A T I O N  #  1 *****************
Case number  . : 1-05-002006          Category . . . : VICTIMS VEHICLE
Year . . . . . : 2003                 Make . . . . . : JAGUAR
Model Name . . :                      Style  . . . . : 4-Door
VIN  . . . . . : SAJDA24C73KLF54576   License #  . . : DFSR1  VA
Vehicle type . : Automobiles          State Veh Type : Auto
Color - Top  . : SILVER               Color - Bottom : BLUE
Damaged  . . . : None                 Disposition  . : UNKNOWN
Stolen Value . : 40,000               Keys in car  . : Unknown
Vehicle locked : Unknown
Street number  :
Recovered by . : OFC TL PETTY         Date recovered : 5/13/05 19:15
Recovery value : 20,000               Recovery code  :
Owner notified :
Street number  :  800 SOUTHERN AV
City . . . . . : WASHINGTON           State  . . . . : DC
```

```
********* P E R S O N   R E P O R T I N G   I N F O - # 1 *********
```

Date:  2/25/08                   MANASSAS POLICE DEPARTMENT                   Page:       3
Time: 14:50:02                                                              Program: CMS3011

```
                                            1-05-002006  (Continued)
Case Number   . : 1-05-002006      Last Name    . . : 158/ALFONSO,
Street Number   :
City . . . . .  :
Home Phone No.  :                  Business Phone :
Birth Date . . : 0/00/0000 0       Race . . . . . :
Sex . . . . .   :                  Ethnic Origin  :
Hair Color . . :                   Hair Length  . :
Hair Style . . :                   Eye Color  . . :
Glasses  . . . :                   Complexion . . :
Facial Hair  . :                   Teeth  . . . . :
Build  . . . . :                   Speech . . . . :
Citizenship  . :                   Weapon Held  . :
Hand Use . . . :                   Caution  . . . :
Residency Type :                   Residency Sts  :
Religion . . . :                   Marital Status :
Status . . . . :                   Grade  . . . . :
NCIC Number  . :                   NCIC Entry Date: 0/00/0000
NCIC Cancel Dt : 0/00/00           FBI Number . . :
State Number . :                   ID Number  . . :
Photo Number . :                   Arrest Case No.:
Hat  . . . . . :                   Coat . . . . . :
Shirt  . . . . :                   Pants  . . . . :
Shoes  . . . . :                   Alt Address? . :
Body Marks?  . :
```

```
************** S U S P E C T / A R R E S T E E   I N F O R M A T I O N -  # 1 *
Case Number   . : 1-05-002006      Prompt valid in: LACY, ANITA
Street Number   : 9448 SCARLET OAK DR
City . . . . .  : MANASSAS, VA 20110
Home Phone No.  :                   Business Phone :
Other Phone Nbr :                   Birth Date . . : ████████
Maximum Age  . : 38                 Social Security: ████████
Oper Lic No. .  :                   Race . . . . . : White
Sex . . . . .   : Female            Ethnic Origin  : Hispanic
Minimum Height : 503                Minimum Weight : 134
Occupation . . :                    Aliases? . . . :
Hair Color . . : Red/Auburn         Hair Length  . : Unknown
Hair Style . . : Unknown            Eye Color  . . : Blue
Glasses  . . . : No                 Complexion . . : Light
Facial Hair  . : Unknown            Teeth  . . . . : Unknown
Build  . . . . : Medium             Speech . . . . : Unknown
Weapon Held  . : None               Hand Use . . . : Unknown
Caution  . . . : Unknown            Status . . . . : Suspect
NCIC Number  . : W427480655         State Number . : 201332223
Arrest Case No.: 1-05-002006        Alt Address? . :
Body Marks?  . :
```

```
************** V I C T I M   I N F O R M A T I O N  - # 1 *****************
Case Number   . : 1-05-002006       Prompt valid in: FLACH, DAVID MURRAY
Social Security: 0                   Birth Date . . : ████████
Street Number  : 9250 BENNETT ST
City . . . . . : MANASSAS, VA 20110
```

Date: 2/25/08                    MANASSAS POLICE DEPARTMENT                    Page:        4
Time: 14:50:02                                                                Program: CMS301L

---

1-05-002006   (Continued)

| | |
|---|---|
| Occupation . . : | Home Phone No. : ▓▓▓▓▓▓▓ |
| Business Phone : | Race . . . . . : White |
| Sex . . . . . : Male | Ethnic Origin : Non-Hispanic |
| Victim Type . : Individual | Residency Type : Resident |
| Residency Sts : Resident | File Charges . : Yes |
| Can Identify . : Yes | Victim Sobriety: UNKNOWN |
| Injury Type 1 : None | Injury Type 2 : |
| Med Treatment : Not Provided | Hospital ID . : |
| Hand Use . . . : Unknown | Caution . . . . : Unknown |
| Weapon Held . : None | Marital Status : Unknown |
| Phys Last Name : | Phys First Name: |
| Alt Address? . : | Body Marks? . : |

*************************** N A R R A T I V E   # 2 ***************************
SUPP DET VAN NOPPEN #65

I spoke to Anita Lynette Lacy, ▓▓▓▓▓▓▓▓▓▓▓▓▓ on 5-13-05 at
the Garfield substation of Prince William County Police. She waived
her Miranda Warnings and spoke to me at 1400. She stated that she had
the victim's vehicle and went to a party at Colonial Village (possibly
9709 Clark Pl #202) on 4-28-05. At the party were her friends, Rebi
(B/F, 22YOA, heavy set-this may be Shereve Buchanan, ▓▓▓▓▓▓▓
▓▓▓▓▓▓▓, can be found through her grandmother who lives at 9315
Taney Rd),Rebi's boyfriend Tim (B/M, dreadlocks, missing front tooth,
lives in DC), Mike, Trini, and Kelly Talley(stays in various apartment
at Colonial Village and is known by the management). She stated that
she fell asleep and that someone took her vehicle. She thinks it was
Tim. A slightly different version was given to Det Guyton. As I was
speaking to her, the vehicle was recovered in DC. There was an
accident and a bailout of two black males that were not apprehended.
They appeared to be in their teens according to Det Rachlin 240
447-3534 who was handling the case.

*************************** N A R R A T I V E   # 3 ***************************
ORIGINAL OFFICER

On April 27, 2005 at 1800 hours I responded to 9250 Bennett Drive in
reference to an Unauthorized Use.

I met with the victim and he advised that on April 26, 2005, sometime
between 1500-1600 hours, the offender an acquaintance asked to borrow
the victim's vehicle for "half an hour" so she could move some of her
belonging from residence on Scarlet Oak Dr to her new, unknown
residence in Colonial Village. The victim agreed. The offender than
called the victim sometime during the evening, the victim was not sure
when, to apologize that she had not returned the vehicle. She stated
that she drove her sister's child to the hospital and was on her way
to return the vehicle, that it would be "15 minutes".

As of 1850 hours on April 27, 2005 the vehicle was not returned to
him.

```
Date:   2/25/08                MANASSAS POLICE DEPARTMENT              Page:
Time:  14:50:02                                                       Program: CMS301
```

1-05-002006   (Continued)

Warrants were obtained. The offender and the vehicle were entered into
NCIC/VCIN by EOC #75.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* N A R R A T I V E   # 4 \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
SUPP DET VAN NOPPEN #65

On 5-19-05 at 1430 I went to Scottie's storage lot and processed the
victim's vehicle.  The vehicle was bearing a DC temporary tag of
Z15927 that belonged to a '85 Cadillac.  I located a CD case in the
trunk and a bottle of Curve cologne in the vehicle that I processed
for latents and put them into property.  I also located an
advertisement card for a DJ party at Byrne Manor at 1501 Southern Ave
in Oxen Hill, Maryland which was held 5-14-05.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* N A R R A T I V E   # 5 \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
SUPP OFC PETTY

05/21/05

On May 13, 2005 I responded to Headquarters for a recovered stolen
auto.

A 2003 Jaguar with Virginia registration "DFSR" was located on May 13
at 1915 hours. The vehicle was involved in an accident in Washington,
DC and is not drivable. The vehicle was recovered at 800 Southern Ave,
SE by Officer K. Rachlin. The vehicle was transported to Hams Towing
located at 1909 14th Street SE (202-678-0199).

The owner, David Flach, notified dispatch that his vehicle was
located. The vehicle was removed by unit #84. The vehicle's tag were
not recovered nor removed from NCIC/VCIN.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* N A R R A T I V E   # 6 \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
SUPP RCS HANBACK

8/24/07

While doing VCIN validations for this report please note the
following:

On 8-22-07 I had left a message at the number listed for the victim
Mr. Flach, reference VCIN validations for the entry we have for his
license plate. Upon returning to work this date I had received a
voicemail from Debbie Kessner ███████████. Ms. Kessner advised that
she was the executor of Mr. Flach's estate.  Ms. Kessner advised that
Mr. Flach had passed away last August, and that she was handling all
the matters for the estate. I explained to Ms. Kessner that the
license plate listed showed an expiration of 2006, but I informed her
entry will remain in the system a year after the expiration. During
our conversation Ms. Kessner advised that she has the house on the
market and would like to have everything taken care of by the time the

Date:  2/25/08              MANASSAS POLICE DEPARTMENT                Page:
Time:  14:50:02                                              Program: CMS301

                                              1-05-002006  (Continued)
house is sold. I advised Ms. Kessner that the entry could be removed
at her discretion if she wished since she was the executor of the
estate and she stated that she would like it removed, so all matters
would be taken care of.

Therefore based on the above, the entry was cancelled this date by
this writer.

LIC/DFSR1 LIS/VA

* * * * * * * * * * * * * * * * END OF REPORT * * * * * * * * * * * * * * * * *

State of Origin: Virginia
Race: WHITE CAUCASIAN (NON-HISPANIC)
Sex: Female

Offenses:
**Offense #1**
Case Number: 059GC9204015804
Offense Date: 04/19/1993
Arrest Date: 05/12/1993
Arrest Level/Degree: CAPIAS
Court Case Number: 059GC9204015804
Court Offense: BENCH WARRANT
Court Disposition: GUILTY
Court Disposition Date: 05/24/1993
Court Level/Degree: CAPIAS

Court Activity:
[NONE FOUND]

**Virginia Court:**
Name: ANITA LYNETTE VANDAMME
SSN: ▉▉▉▉▉▉
Aliases: ANITA L VANDAMME
State of Origin: Virginia
DOB: ▉▉▉▉▉▉
Race: WHITE CAUCASIAN (NON-HISPANIC)
Sex: Female

Offenses:
**Offense #1**
Case Number: 059GT9314089600
Offense Date: 08/07/1993
Arrest Level/Degree: MISDEMEANOR
Court Case Number: 059GT9314089600
Court Offense: DRIVE ON REVOK/SUSP LIC
Court Disposition: GUILTY IN ABSENTIA
Court Disposition Date: 03/02/1994
Court Level/Degree: MISDEMEANOR

Court Activity:
[NONE FOUND]

**Virginia Court:**
Name: ANITA LYNETTE VANDAMME
SSN: ▉▉▉▉▉▉
Aliases: ANITA L VANDAMME
State of Origin: Virginia
DOB: ▉▉▉▉▉▉
Race: WHITE CAUCASIAN (NON-HISPANIC)
Sex: Female

Offenses:
**Offense #1**
Case Number: 059GT9314089700
Offense Date: 08/07/1993
Arrest Level/Degree: INFRACTION
Court Case Number: 059GT9314089700
Court Offense: NO/INVALID/EXP INSP STICK
Court Disposition: GUILTY IN ABSENTIA
Court Disposition Date: 10/13/1993
Court Level/Degree: INFRACTION

Court Activity:
[NONE FOUND]

**Virginia Court:**
Name: ANITA LYNETTE VANDAMME
SSN: ▉▉▉▉▉▉
Aliases: ANITA L VANDAMME

State of Origin: Virginia
DOB:
Race: WHITE CAUCASIAN (NON-HISPANIC)
Sex: Female

**Offenses:**
    **Offense #1**
    Case Number: 059GT9314479300
    Offense Date: 08/24/1993
    Arrest Level/Degree: MISDEMEANOR
    Court Case Number: 059GT9314479300
    Court Offense: DRIVE ON REVOK/SUSP LIC
    Court Disposition: GUILTY IN ABSENTIA
    Court Disposition Date: 10/14/1993
    Court Level/Degree: MISDEMEANOR

**Court Activity:**
    [NONE FOUND]

**Virginia Court:**
    Name: ANITA LYNETTE VANDAMME
    SSN:
    Aliases: ANITA L VANDAMME
    State of Origin: Virginia
    DOB:
    Race: WHITE CAUCASIAN (NON-HISPANIC)
    Sex: Female

**Offenses:**
    **Offense #1**
    Case Number: 087CR9600166200
    Offense Date: 03/10/1996
    Arrest Date: 03/10/1996
    Arrest Level/Degree: MISDEMEANOR
    Court Case Number: 087CR9600166200
    Court Offense: PETIT LARCENY
    Court Disposition: GUILTY TRIAL - JURY
    Court Disposition Date: 07/25/1996
    Court Level/Degree: MISDEMEANOR

**Court Activity:**
    [NONE FOUND]

**Virginia Court:**
    Name: ANITA LYNETTE VANDAMME
    SSN:
    Aliases: ANITA L VANDAMME
    State of Origin: Virginia
    County of Origin: Fairfax
    DOB:
    Sex: Female

**Offenses:**
    **Offense #1**
    Case Number: K078151
    Component: 0
    Offense Date: 06/04/1992
    Court Offense: GRAND LARCENY
    Court Disposition: NOT GUILTY ORIGINAL CHARGE
    Court Disposition Date: 05/13/1993
    Court Level/Degree: Felony

**Court Activity:**
    [NONE FOUND]

**Virginia Court:**
    Name: ANITA LYNETTE VANDAMME
    SSN:
    Aliases: ANITA L VANDAMME
    State of Origin: Virginia

DOB:
Sex: Female

Offenses:
Offense #1
Case Number: K081642
Component: 0
Offense Date: 05/08/1993
Court Offense: CONCEAL MERCHANDISE/FEL
Court Disposition: GUILTY ORIGINAL CHARGE
Court Disposition Date: 11/08/1993
Court Fine: $1,000.00
Court Level/Degree: Felony

Sentence Date:
Sentence
Jail: 1 MONTHS
Probation:
Suspended Time:

Court Activity:
[NONE FOUND]

New Mexico Arrest Report:
Name: ANITA LYNETTE CONSIGLIERI
SSN:
Aliases: DANELLA VANDAMME
State of Origin: New Mexico
County of Origin: Bernalillo
DOB:
Race: WHITE
Sex: Female

Arrests:

Arrest #1
Case Type:                          Offense:
Arrest Date:                        Arrest Statute:
Arresting Agency:                   Agency Case #: 130431377
Arrest Type:                        Arrest Level/Degree:
Arrest Disposition Date:            Arrest Disposition: BOOKED
Court Fine:

Arrest #2
Case Type:                          Offense: FRAUD USE OF CC 3RD DEG
Arrest Date: 06/05/2006             Arrest Statute: 30-16-33B
Arresting Agency:                   Agency Case #: 130431377
Arrest Type:                        Arrest Level/Degree:
Arrest Disposition Date:            Arrest Disposition: BOOKED
Court Fine:

Arrest #3
Case Type:                          Offense: FUGITIVE ARREST
Arrest Date: 06/10/2006             Arrest Statute: 31-4-2
Arresting Agency:                   Agency Case #: 130431377
Arrest Type:                        Arrest Level/Degree:
Arrest Disposition Date:            Arrest Disposition: BOOKED
Court Fine:

Virginia Department of Corrections:
Name: ANITA LYNETTE VANDAMME
SSN:
Address: 1901 STEVENS RD, WOODBRIDGE VA 22191-2731
State of Origin: Virginia
DOB:
Sex: Female

Offenses:
Offense: Probation violation - type not clear    Adjudication Withheld: Unknown

Parole/Probations:
Start Date: 01/21/2003    Scheduled End Date: 01/21/2004

Start Date: 01/21/2003

# Event Chronology

Event Number:  I20050252929

| Date | Time | Term | Operat | Action |
|------|------|------|--------|--------|
| 05/13/05 | 14:11:47 | d11 | 5784 | CROSS REFERENCED TO EVENT= I20050252898 |
| | | | | CROSS REFERENCED TO EVENT= D0505130097 |
| 05/13/05 | 14:13:54 | d13 | 5781 | EVENT CREATED: DC , Cross Streets= SOUTHERN AVE SE / CHESAPEAKE ST SE , Call Source= OFFICER |

Agency= MPD , Group= CW1 , Status= A , Priority= 5 , ETA= 0 , Hold Type= 0 , Primary Member= 0 , Current= F , Open Current= F , Type Code= ITT - INVESTIGATE THE TROUBLE , SubType Code:-
    XCSS - CRIME SCENE SEARCH
EVENT COMMENT= Field Event
  ** LOI search completed at 05/13/05 13:57:56
  GRAY JAGUAR WAS FOLLOWED
  UNKNOWN IF THE SUBJS ARE ARMED
Duplicate Event:Location = 800 SOUTHERN AVE SE DC, Cross Street 1 = CHESAPEAKE ST SE SOUTHVIEW DR, Cross Street 2 — SOUTHVIEW DR, Alarm Level = 0
End of Duplicate Event data
PG NOTI ID 5702,,BY D1006
Duplicate Event:Location = 800 SOUTHERN AVE SE DC, Cross Street 1 = CHESAPEAKE ST SE SOUTHVIEW DR, Cross Street 2 = SOUTHVIEW DR, Alarm Level = 0
End of Duplicate Event data
SOC NOTI
======================================================================================
7041   NIC/W427480655 DTE/20050427 1929 EDT
IMMED CONFIRM WARRANT AND EXTRADITION WITH ORI
MKE/STOLEN VEHICLE
ORI/VA0750100 LIC/DFSR1 LIS/VA LIY/2006 LIT/PE
VIN/SAJDA24C73LF54576 VYR/2003
VMA/JAGU VMO/VAN VST/4D VCO/SIL DOT/20050426
OCA/05002006
MIS/POSSIBLY DRIVEN BY LACY,ANITA W/F S0C▮▮▮▮▮▮▮▮
NIC/V927349612 DTE/20050427 1932 EDT
ORI IS MANASSAS PD 703 257 8000
IMMED CONFIRM RECORD WITH ORI
AMB NOTIFIED
Duplicate Event:Location = 800 SOUTHERN AVE SE DC, Cross Street 1 = CHESAPEAKE ST SE SOUTHVIEW DR, Cross Street 2 = SOUTHVIEW DR, Alarm Level = 0
End of Duplicate Event data
AMB NOTI
7D52 RESPONDING
************************
LOF 2 B/M, #1----LIGHT CPLX, BRAIDS, RED/GRAY NORTHFACE JACKET, MED BUILD
MID 20'S, #2---BRAIDS, RED/GRAY NORTHFACE JACKET, BLUE JEANS
** Cross Referenced to Event # D0505130097 at: 05/13/05 14:11:47
** >>>> by: EUGENE BILLINGSLEY on terminal: d11
BOTH SUBJS CRASHED THE SILVER JAGUAR AND FLED THE SCENE INTO PG COUNTY
THROUGH THE TIGERMART TOWARDS SOUTHVIEW APTS.
SUBJS ARE POSSIBLY ARMED. SUBJS WERE BEING FOLLOWED Y CR8632 ON SOUTHERN AVE
    AND REFUSED TO STOP
    D. 5781
************************************
REQUESTING CRIME SCENE TO RESPOND TO PRINT THE SILVER JAGUAR

| | | | | |
|------|------|------|--------|--------|
| 05/13/05 | 14:13:55 | cadcom | 5781 | EVENT COMMENT= ** LOI search completed at 05/13/05 14:13:55 |
| 05/13/05 | 14:13:55 | d13 | 5781 | ** Cross Referenced to Event # I20050252898 at: 05/13/05 14:13:55 |
| | | | | ** >>>> by: BIANCA BENNETT on terminal: d13 |
| 05/13/05 | 14:14:15 | d11 | 5784 | CROSS REFERENCED TO EVENT= I20050252932 |
| 05/13/05 | 14:33:46 | d18 | 1781 | EVENT COMMENT= Duplicate Event: DC, Cross Street 1 = SOUTHERN AVE SE, Cross Street 2 = CHESAPEAKE ST SE, Type = ITT INVESTIGATE THE TROUBLE, Subtype = XCSS CRIME SCENE |

# Event Chronology

Event Number: I20050252347

| Date | Time | Term | Operat | Action |
|------|------|------|--------|--------|
| 05/13/05 | 07:57:11 | d13 | 5781 | EVENT CREATED: Location= 3200 STANTON ROAD SE , Call Source= OFFICER Agency= MPD , Group= 7D , Beat= 704 , Status= A , Priority= 3 , ETA= 0 , Hold Type= 0 , Primary Unit= 7041 , Primary Member= 4588 , Current= F , Open Current= F , Type Code= TCMP - TRAFFIC COMPLAINT |
| 05/13/05 | 07:57:11 | cadcom | 5781 | EVENT COMMENT= ** LOI search completed at 05/13/05 07:57:11 |
| 05/13/05 | 07:57:11 | d13 | 5781 | Field Event |
| 05/13/05 | 09:55:53 | d12 | 1271 | Agency= MPD , Group= 7D , Beat= 704 , Status= A , Priority= 3 , ETA= 0 , Hold Type= 0 , Primary Unit= 7041 , Primary Member= 4588 , Current= T , Open Current= F , Type Code= TCMP TRAFFIC COMPLAINT EVENT CLOSED: Disposition Assigned= NOI |

| Date | Time | Term | OperatAction |
|------|------|------|--------------|

SEARCH, Call Source = OFFICER, Alarm Level = 0
Field Event
** LOI search completed at 05/13/05 13:57:56
GRAY JAGUAR WAS FOLLOWED
UNKNOWN IF THE SUBJS ARE ARMED
Duplicate Event:Location = 800 SOUTHERN AVE SE DC, Cross Street 1 = CHESAPEAKE
ST SE SOUTHVIEW DR, Cross Street 2 = SOUTHVIEW DR, Alarm Level = 0
End of Duplicate Event data
PG NOTI ID 5702,,BY D1006
Duplicate Event:Location = 800 SOUTHERN AVE SE DC, Cross Street 1 = CHESAPEAKE
ST SE SOUTHVIEW DR, Cross Street 2 = SOUTHVIEW DR, Alarm Level = 0
End of Duplicate Event data
SOC NOTI
==================================================================================
7041 -- NIC/W427480655 DTE/20050427 1929 EDT
IMMED CONFIRM WARRANT AND EXTRADITION WITH ORI
MKE/STOLEN VEHICLE
ORI/VA0750100 LIC/DFSR1 LIS/VA LIY/2006 LIT/PE
VIN/SAJDA24C73LF54576 VYR/2003
VMA/JAGU VMO/VAN VST/4D VCO/SIL DOT/20050426
OCA/05002006
MIS/POSSIBLY DRIVEN BY LACY,ANITA W/F SOC/██████████
NIC/V927349612 DTE/20050427 1932 EDT
ORI IS MANASSAS PD 703 257-8000
IMMED CONFIRM RECORD WITH ORI
AMB NOTIFIED
Duplicate Event:Location = 800 SOUTHERN AVE SE DC, Cross Street 1 = CHESAPEAKE
ST SE SOUTHVIEW DR, Cross Street 2 = SOUTHVIEW DR, Alarm Level = 0
End of Duplicate Event data
AMB NOTI
7D52 RESPONDING
****************************
LOF 2 B/M, #1----LIGHT CPLX, BRAIDS, RED/GRAY NORTHFACE JACKET, MED BUILD
MID 20'S, #2---BRAIDS, RED/GRAY NORTHFACE JACKET, BLUE JEANS
** Cross Referenced to Event # D0505130097 at: 05/13/05 14:11:47
** >>>> by: EUGENE BILLINGSLEY on terminal: d11
BOTH SUBJS CRASHED THE SILVER JAGUAR AND FLED THE SCENE INTO PG COUNTY
THROUGH THE TIGERMART TOWARDS SOUTHVIEW APTS.
SUBJS ARE POSSIBLY ARMED, SUBJS WERE BEING FOLLOWED Y CR8632 ON
SOUTHERN AVE
AND REFUSED TO STOP
D. 5781
NEED CRIME SCENE SEARCH AT THE ABOVE LOACATION
** LOI search completed at 05/13/05 14:14:15
** Cross Referenced to Event # I20050252898 at: 05/13/05 14:14:15
** >>>> by: EUGENE BILLINGSLEY on terminal: d11

| Date | Time | Term | OperatAction |
|------|------|------|--------------|
| 05/13/05 | 14:33:47 | d18 | 1781 | EVENT COMMENT= End of Duplicate Event data |
| 05/13/05 | 15:17:27 | c10 | 6934 | EVENT COMMENT= Duplicate Event:Location = SOUTHERN AVE SE/WHEELER RD SE PG, Cross Street 1 = |

SOUTHERN AVE SE WHEELER RD SE, Cross Street 2 = WHEELER RD SE, Alarm Level = 0
End of Duplicate Event data

| 05/13/05 | 15:26:03 | d14 | 1268 | CROSS REFERENCED TO EVENT= I20050253025 |
| 05/13/05 | 16:29:44 | d15 | 1304 | Agency= MPD , Group= CWI , Status= P , Priority= 5 , ETA= 0 , Hold Type= 0 , Primary Member= 0 , Current= F , Open Current= F , Type Code= ITT - INVESTIGATE THE TROUBLE , SubType Code= |

XCSS - CRIME SCENE SEARCH
Agency= MPD , Group= CWI , Status= A , Priority= 5 , ETA= 0 , Hold Type= 0 , Primary Member= 0 , Current= F , Open Current= F , Type Code= ITT - INVESTIGATE THE TROUBLE , SubType Code=
XCSS - CRIME SCENE SEARCH

| 05/13/05 | 16:52:14 | d15 | 1304 | Agency= MPD , Group= CWI , Status= A , Priority= 5 , ETA= 0 , Hold Type= 0 , Primary Member= 0 , Current= F , Open Current= F , Type Code= ITT - INVESTIGATE THE TROUBLE , SubType Code= |

XCSS - CRIME SCENE SEARCH
Agency= MPD , Group= CWI , Status= P , Priority= 5 , ETA= 0 , Hold Type= 0 , Primary Member= 0 , Current= F , Open Current= F , Type Code= ITT - INVESTIGATE THE TROUBLE , SubType Code=
XCSS - CRIME SCENE SEARCH

| 05/13/05 | 20:51:04 | d03 | 1324 | Agency= MPD , Group= CWI , Status= A , Priority= 5 , ETA= 0 , Hold Type= 0 , Primary Unit= CR9237 , Primary Member= 3984 , Current= F , Open Current= F , Type Code= ITT - INVESTIGATE |

THE TROUBLE , SubType Code= XCSS - CRIME SCENE SEARCH

# Event Chronology

**Event Number: F050056053**

| Date | Time | Term | Operat | Action |
|------|------|------|--------|--------|
| 05/13/05 | 13:56:12 | c21 | 204709 | EVENT CREATED: DC , Cross Streets= SOUTHERN AVE SE / CHESAPEAKE ST SE EVENT COMMENT= MPD 1741 .... |
| 05/13/05 | 13:56:13 | c21 | 204709 | EVENT UPDATED: DC , Cross Streets= SOUTHERN AVE SE / CHESAPEAKE ST SE Agency= DCFEMS , Group= EMS , Beat= FIRE , Status= P , Priority= 1 , ETA= 0 , Hold Type= 0 , Primary Member= 0 , Current= F , Open Current= F , Type Code= 29B02 - ACCI-MVA/UNKNOWN SITUATION (3rd PARTY) Agency= DCFEMS , Group= EMS , Beat= FIRE , Status= A , Priority= 1 , ETA= 0 , Hold Type= 0 , Primary Unit= M25 , Primary Member= 108125 , Current= F , Open Current= F , Type Code= 29B02 - ACCI- MVA/UNKNOWN SITUATION (3rd PARTY) |
| 05/13/05 | 13:56:14 | cadcom | 204709 | EVENT COMMENT= ** LOI search completed at 05/13/05 13:56:14 |
| 05/13/05 | 13:56:32 | d21 | 202836 | EVENT COMMENT= ** Recommended unit E32 (0.90 mi) ** Recommended unit A33 (0.90 mi) |
| 05/13/05 | 14:03:41 | d21 | 204304 | EVENT COMMENT= ** Recommended unit M25 (0.90 mi) |
| 05/13/05 | 14:03:51 | d26 | 201624 | EVENT COMMENT= A33 REQ MEDIC |
| 05/13/05 | 14:04:34 | d26 | 201624 | EVENT COMMENT= ADVIDES MAJOR TRAUMA |
| 05/13/05 | 14:07:49 | d20 | 202594 | CROSS REFERENCED TO EVENT= F050056057 EVENT COMMENT= Duplicate Event:Location - 800 SOUTHERN AVE SE DC, Cross Street 1 = CHESAPEAKE ST SE, Cross Street 2 = SOUTHVIEW DR, Type = 29D01 ACCI- MVA/INJURIES, Alarm Level = 0 PER MPD ** LOI search completed at 05/13/05 14:06:11 End of Duplicate Event data ** Cross Referenced to Event # F050056057 at: 05/13/05 14:07:49 ** >>>> by: JEFFREY S. PECK on terminal: d20 |
| 05/13/05 | 16:18:59 | $M25 | 0 | Agency= DCFEMS , Group= EMS , Beat= FIRE , Status= A , Priority= 1 , ETA= 0 , Hold Type= 0 , Primary Unit= M25 , Primary Member= 108125 , Current= T , Open Current= F , Type Code= 29B02 - ACCI- MVA/UNKNOWN SITUATION (3rd PARTY) EVENT CLOSED: Disposition Assigned - IC |