**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JOAN CLARK** <br><br> v. <br><br> **ESTATE OF DAVID FLACH, SR., et al.** | Case: 1:08-cv-00779 <br><br> Judge Richard J. Leon |

### DEFENDANT ESTATE OF DAVID FLACH, SR.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS

The Estate of David Flach, Sr. ("Estate"), through counsel, respectfully submits this Reply Memorandum in support of its Motion to Dismiss.[1]

### 1. Express or Implied Consent

Plaintiff Joan Clark's Opposition contradicts her Complaint. Clark's Complaint alleges that David Flach, Sr.'s car was "stolen" at the time of the accident, ¶ 11, while Clark's Opposition argues that a jury could find Flach consented to his car's use by the person driving it at the time of the accident, Opp'n 7–10. But the Complaint's allegation that the car was "stolen" establishes for the purpose of this Motion to Dismiss that the driver did not have Flach's express or implied permission. Clark's Complaint also alleges that Lacey "allow[ed] *another driver* to take the car *who collided with the vehicle in which Plaintiff was a passenger*," Compl. ¶ 26 (emphases added), while Clark's Opposition states that a jury should "determine whether

---

[1] Plaintiff Joan Clark cites one related case, Opp'n n.2, pending in the District Court for the District of Columbia. Clark has also filed a third case on these facts, recently commenced in the Superior Court for the District of Columbia. Two days after the Estate filed its Motion to Dismiss in this matter, Clark purported to serve a summons on the Estate, enclosing a D.C. Superior Court Complaint that is **nearly word-for-word** with the instant Complaint. *See* Complaint, *Clark v. Estate of David Flach, Sr., et al.*, No. 2008 CA 003427 V (D.C. Super. Ct. May 5, 2008) (Hedge, J.). That same day, Clark filed a Motion to Stay that proceeding, and apparently intends to keep that Complaint as a back-up to an unfavorable judgment in this Court. *See* Mot. to Stay Proceedings Pending Outcome of Federal Suit, *Clark v. Estate of David Flach, Sr., et al.*, No. 2008 CA 003427 V (D.C. Super. Ct. July 2, 2008) (Hedge, J.).

Defendant Lacey was driving the car at the time of the accident," Opp'n 10. Again, the Complaint's allegations establish for the purposes of this Motion that Lacey was not driving at the time of the accident. Clark is not free to disregard what she alleged in her Complaint. *See Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) ("For the purposes of a motion to dismiss, the material allegations of the complaint are taken as admitted."); *see also United States ex rel. Miller v. Bill Harbert Int'l Constr., Inc.*, No. 95-1231, 2007 WL 915237, at *1 (D.D.C. Mar. 27, 2007) ("In light of the fact that these statements were made in the government's complaint, these statements constitute judicial admissions that cannot be contradicted at trial."). The allegations are taken as true, and they do not permit an inference that the driver had Flach's consent.

Clark also claims that Flach's criminal complaint against Lacey for unauthorized use was "withdrawn," and that this contradicts Flach's withdrawal of consent arising from his filing of the criminal complaint. Opp'n 5. She cites a note in the Police Report, Opp'n 5, and a "conversation with a representative of the Manassas Police Department," Opp'n 6. The note in the Police Report makes clear that the contact between the Estate and the police occurred in August 2007, more than two years after the accident and a year after Flach's death, and that that contact concerned the stolen Jaguar's license plate number. The Estate communicated with the police to facilitate the closing of the Estate—and that could not have anything to do with Flach's implied or express consent before the 2005 accident.[2] To the extent that Clark is claiming that Flach withdrew his complaint at some other point in time, that allegation is not in the Complaint, is not noted in the Police Report, would constitute inadmissible hearsay, *see, e.g.*, Fed. R. Evid. 802, 804(b), and does not even purport to specify a time of withdrawal that would have been before the accident.

---

[2] The Opposition erroneously states May 13, 2003, as the day of the accident. Opp'n 2.

**2.      Negligence**

The Complaint only seeks recovery against the Estate under D.C. Code section 50-1301.08 (West 2001), the District of Columbia's vicarious liability statute for car owners. Compl. ¶ 19.  In her Opposition, Clark, for the first time, advances a claim of negligent entrustment, citing *Boland v. Love*, 222 F.2d 27 (D.C. Cir. 1955).  Opp'n 6–7.  But the Complaint fails to plead the elements of negligent entrustment, namely that Flach:

> [1] permit[ted] a third person to use a thing or to engage in an activity [2] which is under the control of the actor, [3] if the actor knows or should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others.

*Athridge v. Rivas*, 141 F.3d 357, 363 (D.C. Cir. 1998) (affirming grant of summary judgment for defendant parents on a negligent entrustment claim, arising from a car accident caused by their minor son) (citing Restatement (Second) of Torts § 308).  Nor does the Complaint plead any facts that, if true, establish a prima facie claim for negligent entrustment.  For example, there is no allegation in the Complaint that the Estate knew or should have known facts that show Lacey intended or was likely to use the Jaguar so as to create an unreasonable risk of harm to others.

Clark also cites *Ross v. Hartman*, 139 F.2d 14 (D.C. Cir. 1943), for her theory that an owner can be liable for a stolen car's accidents.  The *Ross* line of cases is a narrow exception to the general rule, which is that an intervening criminal act breaks the chain of causation between a merely negligent actor and the eventual harm, absent "a more heightened showing of foreseeability."  *McKethean v. Wash. Metro. Area Transit Auth.*, 588 A.2d 708, 716–17 (D.C. 1991) (affirming summary judgment on grounds that the defendant transit authority's duty to plaintiffs did not encompass intervening criminal acts).  To state a *per se* negligence claim under *Ross*, a plaintiff must allege that the defendant violated a regulatory "safety measure," namely that:

    (1) The car was left unattended;
    (2) The car was left unlocked;
    (3) The car was not left on private property; and
    (4) The keys were somewhere in the car.

*See, e.g.*, *Gaither v. Myers*, 404 F.2d 216, 220 & n.14 (D.C. Cir. 1968) (citing D.C. Traffic & Motor Vehicle Regs., art. XIV, § 98); *cf. Casey v. Corson & Gruman Co.*, 221 F.2d 51, 52 (D.C. Cir. 1955) (per curiam) (affirming directed verdict for defendant despite leaving keys in truck's ignition, when truck was stolen and "[m]any hours" later, on a highway 15 miles from the parking lot, plaintiff was injured when struck by the stolen car, because defendant's negligence "was too remote from the collision in time, place and circumstances to be a proximate cause of plaintiffs' injuries"). Not one of these facts has been plead in this case.

## CONCLUSION

For the foregoing reasons, the Estate respectfully requests that the Court dismiss the Complaint with prejudice, as to the Estate, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

Dated: July 18, 2008                          Respectfully submitted,

                                                        /s/ John E. Clabby
                                                        Dane H. Butswinkas (D.C. Bar No. 425056)
                                                        John E. Clabby (D.C. Bar No. 503059)
                                                        WILLIAMS & CONNOLLY LLP
                                                        725 Twelfth Street, NW
                                                        Washington, DC  20005
                                                        (202) 434-5000 (telephone)
                                                        (202) 434-5029 (facsimile)
                                                        *Counsel for Defendant Estate of David Flach, Sr.*

## CERTIFICATE OF SERVICE

I certify that on July 18, 2008, I electronically filed the foregoing Defendant Estate of David Flach, Sr.'s Reply Memorandum in Support of Its Motion to Dismiss with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the counsel of record in this matter who are registered on the CM/ECF system.

/s/ John E. Clabby
John E. Clabby